BEN WOLF TRUCK LINES *v.* BAILEY ET AL.

[No. 16,451. Filed October 17, 1939.]

*Donald R. Mote, Oscar F. Smith,* and *Andrew Jacobs,* for appellant.

*Lorch & Lorch,* for appellees.

LAYMON, J.—On May 18, 1935, Jesse Bailey received personal injuries arising out of and in the course of his employment with appellant and was paid compensation for total disability, under an award of the full Industrial Board, from May 26, 1935, to and including the 28th day of April, 1937, when compensation under the original award ceased on order of the full board that there had been a change of conditions, in that his disability had ceased.

On April 7, 1938, Jesse Bailey filed an application for review of the original award on account of

change of conditions, to wit: "That said injury has resulted in a permanent partial impairment." This application was heard by a single member of the board, who found "that there has been a change of conditions, in this, that the plaintiff is now totally and permanently disabled as a whole man," and entered an award in his favor.

In due time appellant filed a petition for review before the full board.

Jesse Bailey died on July 16, 1938, before the full board had reviewed the award made by the single member, and on September 20, 1938, Mary Bailey, his widow, and William Hinton, his stepson, filed an application for compensation as dependents of Jesse Bailey, alleging that he died as a proximate result of the injuries sustained by him on May 18, 1935. This application was referred to a single member of the board, who, after a hearing, found and entered an award for appellant. A petition for review was in due time filed. This proceeding and the proceeding instituted by Jesse Bailey were pending before the full board for review and were by agreement of parties consolidated.

The full board, upon review of the application filed by Jesse Bailey and the application filed by his widow and stepson, found: "That as a result of the accidental injury sustained on May 18, 1935, the disability of the said Jesse Bailey ended as of April 28, 1937; that as a result of said accidental injuries the said Jesse Bailey suffered a total permanent impairment to the man as a whole.

"It is further found that the said Jesse Bailey died on July 16, 1938, from causes other than the accidental injury sustained on May 18, 1935.

"It is further found that at the time of his death the said Jesse Bailey was living with Mary E. Bailey, his wife, and William Ralph Hinton, a stepson, who were wholly dependent upon the said Jesse Bailey for support."

Upon this finding the board awarded compensation to Jesse Bailey, beginning May 18, 1935, for a period of 500 weeks and awarded to Mary Bailey and William Hinton 300 weeks of the balance of said compensation awarded Jesse Bailey, due Jesse Bailey as of April 28, 1937, not exceeding $5,000, in the aggregate of compensation.

It is from this award of the full board that appellant has appealed, assigning as error that the award is contrary to law.

The principal question presented on appeal, which is necessary to be determined, is whether or not the claim for compensation for impairment is governed by section 24 or section 45 of the Workmen's Compensation Law.

The board found that Jesse Bailey died from causes other than the accidental injury sustained on May 18, 1935, thereby limiting the benefits to be recovered to those which he would have been entitled to had he lived.

In view of the fact that Jesse Bailey filed his application for additional compensation more than two years after the date of his accidental injury sustained on May 18, 1935, it became a necessary and essential fact for the board to determine and find whether the impairment was a direct result of the accidental injury or was the result of his temporary disability, for the obvious reason that in the first instance the time for filing the applica-

tion is controlled by section 24 (§40-1224 Burns 1933,) as an original action, and in the latter it is controlled by section 45 (§40-1410 Burns 1933,) as being a change in conditions. *Sewell* v. *Terre Haute Brewing Co.* (1936), 102 Ind. App. 373, 200 N. E. 734.

From the finding and award made, the full board evidently concluded that Jesse Bailey had suffered an impairment and that compensation therefor should be paid to his dependents but failed to find approximately the time of the occurrence of the impairment or such facts which would clearly indicate whether the impairment was a direct result of the accident occurring on May 18, 1935, or resultant, and did not exist from the date of the injury. In the instant case such fact is jurisdictional and necessary to give validity to an award of compensation.

We feel that the ends of justice would be better served by remanding the record to the full board for further proceedings in accordance with this opinion.

It is so ordered.