Pennsylvania Greyhound Lines of Indiana, Inc. *v.*
Public Service Commission, et al.

[No. 27,336. Filed May 29, 1940.]

*Howell Ellis* and *John S. Powell,* both of Indianapolis, for appellant.

*Omer S. Jackson,* Attorney General; *Urban C. Stover,* Deputy Attorney General; and *Weiss, Born & Weiss,* of Indianapolis, for appellees.

FANSLER, J.—The appellant brought this action to vacate and set aside as illegal, and to enjoin operations under, certain orders of the Public Service Commission authorizing the appellee, Yankee Coach Lines, Inc., to operate a line of busses over a certain route upon which the appellant was operating a line of busses under a certificate of public convenience and necessity issued by the Public Service Commission. There was a trial, and judgment for the defendants.

The appellant assigns as error the overruling of its motion for a new trial.

It appears that the appellant operates a line of busses for the transportation of passengers from the City of Chicago to the City of Indianapolis, through the City of Lafayette; that the appellee, Yankee Coach Lines, Inc., formerly operated a line of busses for the transportation of passengers from Chicago eastward and south to the City of Lafayette, over a different route. The controversy here arises upon an order of the Commission authorizing the Yankee Coach Lines, Inc., to operate from Lafayette into Indianapolis upon the same route on which the appellant operates, and to transport passengers locally between Lafayette and Indianapolis. There was much evidence, pro and con, as to the necessity of the additional service and the local stops. The appellant offered evidence that it was in a position to supply additional facilities if ordered by the Commission.

The statute, § 47-1217, Burns' 1933 (Supp.), § 11232-7, Baldwin's Supp. 1935, provides: "The applicant shall, at all times, have the burden of proving, by a preponderance of the evidence, except as hereinbefore provided, that public convenience and necessity requires the proposed operation, and that the proposed operation will not unreasonably impair the existing public service of any authorized common carrier, or common carriers by motor vehicle, or by railroad, steam or electric, then adequately serving the same territory." It must be concluded that the Commission found the necessary facts, and it cannot be said that there is not some evidence to support the finding. We are not concerned, nor was the trial court below, with the question of whether or not the court would have reached the same result upon the same evidence. *Public Service Commission of Indiana et al. v. City of La Porte* (1935), 207 Ind. 462, 193 N. E. 668.

The appellant complains because certain temporary orders were made without notice, and without the appellant having an opportunity to be heard, as provided by the statute, but this action does not question those orders. The appellant complains that the evidence that was heard when the first order of the Commission was made, the one that was set aside, was considered and treated as in the record at the time of the orders complained of. It seems, however, that the appellant was given a full opportunity to present its evidence.

It is contended that there is no evidence to sustain the Commission's finding that the operation will not unreasonably impair the existing public service of any common carrier then adequately serving the same territory. The Commission was within its jurisdiction in considering the evidence and the reasonable inferences to be drawn therefrom. There is some evidence that the service being rendered was not adequate, and some evidence that, at the hours at which the Yankee Coach Lines, Inc., was permitted to furnish service, the appellant's busses were often so full that they could not pick up waiting passengers. The appellant's representatives testified that they had facilities for supplying additional busses. The appellee Yankee Coach Lines, Inc., served territory north of Lafayette that was not reached by the appellant. It operated through busses into Indianapolis from the territory which it served north of Lafayette. The Commission may have concluded that the public interest was better served by permitting these busses to furnish local service between Indianapolis and Lafayette than would be the case if the appellant was permitted or required to operate additional busses. The statute, *supra,* provides that, in determining whether a certificate is to be granted, the Commission may consider

the volume of traffic existing over the route, and the effect and burden upon the highways and bridges, and whether the operation will threaten the safety of the public. It may have been concluded that the through busses were necessary in order to adequately serve the public on the route of the Yankee Coach Lines, Inc., north of Lafayette, and that, since these busses were using the highway in any event, the public safety and the public good would be better served by permitting it to furnish local service than by the operation of additional busses by the appellant. No good purpose would be served in reviewing all of the evidence. It is sufficient that it cannot be said as a matter of law that there is insufficient evidence to sustain the finding.

The appellant seems to feel that its property rights are involved, but we find nothing in the statute or in the authorities which gives the appellant an exclusive and monopolistic right to use the highway in question. The Legislature has vested discretion in the Public Service Commission to issue certificates of convenience and necessity, and, unless an abuse of discretion is shown or some unlawfulness upon the part of the Commission, the courts may not interfere to substitute their judgment for that of the Commission.

Judgment affirmed.

NOTE.—Reported in 27 N. E. (2d) 348.