CHICAGO & CALUMET DISTRICT TRANSIT COMPANY, INC. *v.* PUBLIC SERVICE COMMISSION OF INDIANA ET AL.

[No. 16,576. Filed November 14, 1941. Rehearing denied December 23, 1941.]

138

*Charles C. Towle, Frederick C. Crumpacker, Edwin H. Friedrich,* and *Frederick C. Crumpacker, Jr.,* all of Hammond, for appellant.

*M. Elliot Belshaw,* of Hammond, *Omer Stokes Jackson,* Attorney General, *Urban C. Stover,* Deputy Attorney General, and *Weiss, Born & Weiss,* of Indianapolis, for appellees.

BLESSING, C. J.—Appellant (plaintiff below), brought this action to vacate and set aside certain orders of the Public Service Commission of the State of Indiana, granting to the appellee Yankee Coach Lines, Incorporated, certificates of convenience and necessity to operate a motor vehicle bus line over a certain route upon which the appellant was operating a line of busses under a certificate of public convenience and necessity issued by the Public Service Commission. The cause was tried by the court and judgment was rendered for the appellees (defendants below).

Appellant then filed its motion for a new trial on the ground that the decision is not sustained by sufficient evidence and is contrary to law.

The overruling of this motion is the only error assigned on this appeal.

The appellant, the Chicago & Calumet District Transit Company, Inc., is an Indiana corporation and is a public utility engaged in the business of a common carrier of passengers for hire by means of motor coaches and street cars in and between the cities of Whiting, East Chicago, Indiana Harbor, and Gary. On September 18, 1936, the Public Service Commission approved an order granting to the appellee Yankee Coach Lines, Inc., a certificate of public convenience and necessity to operate motor vehicles as a common

carrier of passengers, intrastate, between Whiting and Indianapolis, Indiana. This order provided, however, that the Yankee Coach Lines should not be permitted to render local passenger service between Whiting, Indiana, and Valparaiso, Indiana, and intermediate points. The 1936 order of the commission was changed several times prior to the final order made on the 31st day of January, 1939, which again permitted local service between said cities but provided that such service be rendered by through busses, only, and that in no event should the Yankee Coach Lines put on any busses for the purpose of rendering purely local service between said cities. The appellant now complains of the part of the order permitting local service between the cities of Whiting, East Chicago, Indiana Harbor, and Gary, through which towns both lines operate, and contends that it is in a position to supply additional facilities if ordered by the commission.

The only question raised by appellant is whether or not the findings and order of the Public Service Commission are sustained by sufficient evidence.

Appellant's action to set aside and vacate an order of the Public Service Commission is based upon a statute of this State which reads as follows:

"Any person or persons, copartnership or corporation feeling aggrieved with any decision of the commission, made as in this act provided, may commence an action in any court of competent jurisdiction, in the county in which such person, persons, copartnership or corporation, or the designated citizen of a nonresident, is a resident, against the commission as defendant, to vacate or set aside any such order or decision of the commission upon the grounds that any such regulation, order or decision of the commission is insufficient, unreasonable or unlawful in which action a copy of the complaint shall be served with the summons. . . ." § 47-1249, Burns' 1940 Replacement.

The Supreme Court of this State in the case of N. Y., C. & St. L. R. R. Co. v. *Singleton* (1935), 207 Ind. 449, 457, 190 N. E. 761, said:

"The burden was upon appellant to show that the determination and order of the Public Service Commission was unreasonable or unlawful; and before a court can say that a determination or order is unreasonable it must appear that there was no substantial evidence to support the findings of fact upon which the determination or order rested."

This court is not, nor was the trial court below, concerned with the question of whether or not a different conclusion should have been reached upon the same evidence. The sole question presented is: Was the order of the Public Service Commission unreasonable or unlawful because of the lack of evidence to support the order made by the commission? The only evidence before the trial court consisted of the transcript of a hearing before the Public Service Commission. In addition to two witnesses who recited their own experiences as to the crowded condition of appellant's busses, the president of the Yankee Coach Lines, Inc. testified that he had made trips over the entire route, talked to a great number of people and listened to their complaints as to the need of additional service. The competency of this evidence was not challenged and we think it was proper. The evidence further disclosed that the Yankee Coach Lines, Inc. operated two busses each way a day from Chicago to Indianapolis, Indiana; the certificate of convenience and necessity issued by the Public Service Commission of Indiana covering a designated route from Whiting through East Chicago, Indiana Harbor and Gary to Valparaiso and thence south over a designated route to the City of Indianapolis. Appellant is complaining only of the local service rendered by the Yankee Coach Lines on its through busses within

the territory served by the appellant. It is apparent, therefore, that any modification of the order of the Public Service Commission authorizing local service in the territory served by the appellant would not relieve the highways of the burden which the Yankee Coach Lines, Inc., imposes by its through busses. This is a fact which the commission had a right to take into consideration in granting the Yankee Coach Lines the right to furnish local service on their through busses in the territory served by the appellant.

It is true that the record discloses a willingness upon the part of appellant to furnish additional busses required by the traffic upon the route over which it operates as a common carrier. If, however, local service by the Yankee Coach Lines on its through busses would avoid the necessity of additional busses to be furnished by the appellant, streets, highways and bridges will be relieved from carrying this additional burden; and there is no evidence to show that the order authorizing the Yankee Coach Lines to furnish local service on its through busses in the territory served by the appellant will seriously impair the efficiency of the service rendered by the appellant. Under these circumstances we think appellant's contention is fully answered in the case of *Penn. Greyhound Lines* v. *Public Service Comm.* (1940), 217 Ind. 221, 224, 27 N. E. (2d) 348, wherein our Supreme Court said:

> "The Commission may have concluded that the public interest was better served by permitting these busses to furnish local service between Indianapolis and Lafayette than would be the case if the appellant was permitted or required to operate additional busses. The statute, *supra*, provides that, in determining whether a certificate is to be granted, the Commission may consider the volume of traffic existing over the route, and the effect and burden upon the highways and bridges, and whether

the operation will threaten the safety of the public. It may have been concluded that the through busses were necessary in order to adequately serve the public on the route of the Yankee Coach Lines, Inc., north of Lafayette, and that, since these busses were using the highway in any event, the public safety and the public good would be better served by permitting it to furnish local service than by the operation of additional busses by the appellant."

6. The court in the same case also said:

"The appellant seems to feel that its property rights are involved, but we find nothing in the statute or in the authorities which gives the appellant an exclusive and monopolistic right to use the highway in question. The Legislature has vested discretion in the Public Service Commission to issue certificates of convenience and necessity, and, unless an abuse of discretion is shown or some unlawfulness upon the part of the Commission, the courts may not interfere to substitute their judgment for that of the Commission."

In conformity to this opinion and under the facts as disclosed by the evidence, we cannot say as a matter of law that there is insufficient evidence to sustain the finding.

Judgment affirmed.

NOTE.—Reported in 37 N. E. (2d) 271.