WABASH VALLEY COACH COMPANY *v.*
ARROW COACH LINES, INC., ET AL.

[No. 28,660. Filed November 8, 1950.]

*Thomas P. Gallagher,* of Terre Haute, for appellant.

*J. Emmett McManamon,* Attorney General, *Clyde H. Jones,* Deputy Attorney General, *Ewing Emison,* of Vincennes, and *John S. Powell,* of Indianapolis, for appellees.

JASPER, J.—Appellant brought this action to vacate and set aside as illegal, and to enjoin the enforcement of, an order of the Public Service Commission of Indiana authorizing appellee, Arrow Coach Lines, Inc., to operate busses over certain routes upon which appellant was operating busses under a certificate of public convenience and necessity. This order was made in a controversial proceeding before the Commission wherein appellant was the adversary party. Appellee, Arrow Coach Lines, Inc., was granted a certificate of public convenience and necessity between Princeton and Evansville, Indiana, over the routes in competition with appellant.

There was a trial, special findings of fact, conclusions of law, and judgment for appellees.

Appellant assigns as error the overruling of its motion for a new trial and error in the conclusions of law.

It is the contention of appellant that the order granting a certificate of public convenience and necessity to appellee, Arrow Coach Lines, Inc., failed to make any findings of fact upon which the order was based, and is therefore illegal.

The pertinent part of the order of the Public Service Commission is as follows:

"The Commission, having examined the application, having considered the evidence and being duly advised in the premises, is of the opinion and now finds that upon surrender for cancellation of certificate No. 2120-A, 1, or an affidavit in lieu thereof, the application be granted as hereinafter set out, and it will be so ordered.

"IT IS THEREFORE ORDERED BY THE PUBLIC SERVICE COMMISSION OF INDIANA that order approved in this cause May 15, 1947, be set aside and held for naught and that upon surrender for cancellation of certificate No. 2120-A, 1, issued to Sumner Chevrolet Company, Inc., 402 North Hart Street, Princeton, Indiana, or an affi-

davit in lieu thereof, a certificate of public convenience and necessity be issued to Arrow Coach Lines, Inc., 301 North Main Street, Princeton, Indiana, to operate motor vehicles as a common carrier of persons, intrastate, as follows towit:

"Passengers and their baggage, and express, mail and newspapers in the same vehicle with passengers.

"Between Princeton, Indiana, and Evansville, Indiana, over the following route:

"Between Princeton, Indiana, and the intersection of U. S. Highway # 41 and Indiana Highway # 168 via U. S. Highway # 41; between the intersection of U. S. Highway # 41 and Indiana Highway # 168 and Fort Branch, Indiana, via Indiana Highway # 168; between Fort Branch, Indiana, and Haubstadt, Indiana, via County Road; between Haubstadt, Indiana, and the intersection of U. S. Highway # 41 and Indiana Highway # 68 via Indiana Highway #68; between the intersection of U. S. Highway #41 and Indiana Highway #68 and Evansville, Indiana, via U. S. Highway #41, serving all intermediate points.

"IT IS FURTHER ORDERED that the applicant be and it is hereby authorized to serve all intermediate points on the above described route except that no authority is granted herein to transport any passenger between Evansville and the junction of U. S. Highway No. 41 and Indiana Highway No. 57 when the entire trip of said passenger lies between said points, either on outbound trips or inbound trips, and no passengers are to be picked up within the corporate limits of the City of Evansville, Indiana, who are to be discharged within the corporate limits of the City of Evansville, Indiana, either on outbound trips or inbound trips."

The finding upon which the order herein sought to be vacated is based, as above set out, recites only that the application is granted, and that a certificate of public convenience and necessity be issued to Arrow Coach Lines, Inc.; and there are no

findings of fact set out in the order upon which an order for a certificate of public convenience and necessity could be based. *Kosciusko County, etc.* v. *Public Service Comm.* (1948), 225 Ind. 666, 77 N. E. 2d 572. The finding that a certificate of public convenience and necessity should be granted is simply a conclusion from all the evidence without any special finding of fact upon which the conclusion can be reached. The Public Service Commission should find the ultimate facts specifically and not generally. The findings of fact must be specific enough to enable the court to review intelligently the Commission's decision. *Kosciusko County, etc.* v. *Public Service Comm., supra.*

In speaking of an administrative agency, in the case of *Wichita Railroad & L. Co.* v. *Public Utilities Commission* (1922), 260 U. S. 48, 59, 43 S. Ct. 51, 55, 67 L. Ed. 124, 130, the court said:

"In creating such an administrative agency the legislature, to prevent its being a pure delegation of legislative power, must enjoin upon it a certain course of procedure and certain rules of decision in the performance of its function. It is a wholesome and necessary principle that such an agency must pursue the procedure and rules enjoined and show a substantial compliance therewith to give validity to its action. When, therefore, such an administrative agency is required as a condition precedent to an order, to make a finding of facts, the validity of the order must rest upon the needed finding. If it is lacking, the order is ineffective."

Appellees rely upon the case of *Penn. Greyhound Lines* v. *Public Service Comm.* (1940), 217 Ind. 221, 223, 27 N. E. 2d 348, 349, in which the court stated:

"The statute, § 47-1217, Burns' 1933 (Supp.), § 11232-7, Baldwin's Supp. 1935, provides: 'The applicant shall, at all times, have the burden of proving, by a preponderance of the evidence, except as hereinbefore provided, that public con-

venience and necessity requires the proposed operation, and that the proposed operation will not unreasonably impair the existing public service of any authorized common carrier, or common carriers by motor vehicle, or by railroad, steam or electric, then adequately serving the same territory.' *It must be concluded that the Commission found the necessary facts,* and it cannot be said that there is not some evidence to support the finding. We are not concerned, nor was the trial court below, with the question of whether or not the court would have reached the same result upon the same evidence. *Public Service Commission of Indiana et al.* v. *City of LaPorte* (1935), 207 Ind. 462, 193 N. E. 668."

However, this case was decided during the May Term, 1940. In 1941 the Legislature created the Public Service Commission of Indiana, and abolished the Public Service Commission, and transferred all of the rights, powers, and duties of the Public Service Commission to the Public Service Commission of Indiana. Acts 1941, ch. 101, p. 255. Section 5 of the act reads as follows:

"The commission created by this act shall *in all controversial proceedings heard by it* be an impartial fact-finding body and shall make its orders in such cases *upon the facts impartially found by it.* The commission shall in no such proceeding, during the hearing, act in the role either of a proponent or opponent on any issue to be decided by it. All evidence given in any such proceeding shall be offered on behalf of the respective parties to, or appearing in, the proceeding and not in the name or behalf of the commission itself. If in any such proceeding the public interest is not otherwise adequately represented by counsel, in the opinion of the commission, it shall be the duty of the public counselor, if requested by the commission, to make adequate preparation for the presentation of the interests of the public in such proceeding and he shall at the hearing represent the public interests therein involved: *Provided, however,* That nothing in this section contained shall prevent the Public

Service Commission of Indiana from instituting, prosecuting, hearing or determining any investigation or proceeding which it is authorized to do, or make, on its own motion by any law with the administration of which it is charged."

This section makes it mandatory upon the Public Service Commission of Indiana to make impartial findings of fact. The last-cited case therefore is not now controlling, and the 1941 statute must be complied with. It cannot be concluded or surmised that the Commission found the facts necessary. The further contention that the act of 1941 (Acts 1941, ch. 101, § 5, p. 255; § 54-112, Burns' 1933 [1949 Supp.]) is so limited that the motor vehicle act (Acts 1935, ch. 287, p. 1412) does not come within this section is not well taken. The Public Service Commission of Indiana act has not been limited so as to exempt the motor vehicle act, but § 54-119, Burns' 1933 (1949 Supp.), provides that:

". . . all of the rights, powers and duties conferred by any law upon the public service commission which was created by chapter 93 of the Acts of 1933 of the General Assembly, are continued in full force and effect and are hereby transferred to and conferred upon the public service commission of Indiana hereby created."

Further, § 54-113, Burns' 1933 (1949 Supp.), (Acts 1941, ch. 101, § 6, p. 225), says that:

"In addition to all other powers and duties conferred in this act upon the public service commission of Indiana, said commission shall have the following further additional and new duties: To make a careful study of all laws with the administration of which it is charged, and of the practices of public utilities, motor vehicle carriers, and of railroads . . ."

In the above-quoted section motor vehicle carriers are specifically mentioned. From these last two quoted sections the intention of the Legislature can be ascertained. The Legislature intended that the motor vehicle act be subjected to the provisions of § 54-112, *supra*.

The failure of the Public Service Commission to find specific facts upon which its order was based in this case makes it illegal and unlawful. Therefore there was error committed in conclusions of law numbered 5, 6, 7, and 8.

The judgment is reversed, and the trial court is hereby ordered to render a finding and judgment vacating the order of the Public Service Commission of Indiana, and to remand this cause to the Commission for further action not inconsistent with this opinion.

Note.—Reported in 94 N. E. 2d 753.