POKE *v.* PEERLESS FOUNDRY COMPANY.

[No. 18,516. Filed June 10, 1954.]

Robert C. Walsman, of Indianapolis, for appellant.

Murray, Mannon, Fairchild & Stewart, and James L. Murray, of Indianapolis, for appellee.

KENDALL, J.—Appellant filed application for compensation for permanent partial impairment alleged to be due to exposure to silica dust up to and including August 1, 1952. It was alleged that the appellant suffered a sixty (60%) percent permanent partial impairment of the man as a whole.

The following history of the alleged ailment as recited therein is:

> "That the general nature and character of the illness or disease for which compensation is sought is (State Fully) Silicosis. There is a history of occupational exposure to silica dust. Physical examination and X-ray studies make the diagnosis of silicosis very definite in this man. There is sufficient reason to believe there will be a progressive increase in the pathology in the lungs with a comparable increase in his disability. There is evidence of compensatory emphysema, with changes in the heart muscle probably secondary to the emphysema. Lung function tests and electrocardiagraphical evidence of myocardial disease indicate that Plaintiff has a definite disability of 60% of the whole man at this time, and that this disability will gradually increase as time goes on. . . ."

Cause was heard by a Single Hearing Member who denied relief on the grounds that the Industrial Board did not have jurisdiction, which award was affirmed by the Full Board. The award and judgment are as follows:

> " . . . The Full Industrial Board of Indiana having heard the arguments of counsel and having reviewed all the evidence in said cause and being duly advised in the premises therein now finds:
> "That on 21st day of April, 1953 the plaintiff filed his Form No. 115 application for compensation under the provisions of the Indiana Workmen's Occupational Diseases Act; that on the 11th day of May, 1953 the defendant filed its Special Answer

in two paragraphs, which said Special Answer is in the following words and figures, towit:

(H. I.)

"That on the 12th day of November, 1948, plaintiff suffered a disablement resulting from an Occupational Disease known as Silicosis, which said Occupational Disease was contracted by the plaintiff while in the employ of said defendant herein.

"It is further found that on the 28th day of February 1949, a compensation agreement was entered into by said parties, which said agreement was filed with and approved by the Industrial Board on or about the 24th day of March, 1949; that under and pursuant to said compensation agreement the defendant paid plaintiff compensation for plaintiff's disability on account of said Occupational Disease from the 12th day of November, 1948 up to and including the 16th day of January, 1949 in the total sum of $160.25; that on or about the 1st day of March, 1949 a receipt showing such payment was filed with the Industrial Board of Indiana.

"It is further found that the said plaintiff's application Form 115 filed on the 21st day of April, 1953, for plaintiff's permanent Occupational Disease was filed more than two years after January 16th, 1949.

"The said Full Industrial Board of Indiana further finds that the said Board is without jurisdiction in the premises herein.

"The said Full Industrial Board of Indiana now finds for the defendant and against the plaintiff on defendant's Special Answer in two paragraphs, filed on the 11th day of May, 1953.

*A W A R D*

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that the Industrial Board is without justification in the premises herein.

"It is further ordered that plaintiff's application Form No. 115, filed on the 21st day of April 1953, shall be and the same is hereby dismissed.

"Dated this 9th day of December, 1953.

FULL INDUSTRIAL BOARD OF INDIANA"

From an adverse ruling this appeal was instituted. Special answer in two paragraphs was filed by appellee. First, a general denial, and, second, that the appellant had been in the employ of appellee from 1918 until August 1, 1952; that on November 12, 1948, he suffered a disablement from the occupational disease, silicosis; that an agreement for compensation was entered into on account thereof which was filed with and approved by the Industrial Board on March 24, 1949; that compensation was paid under said agreement from November 12, 1948, to January 16, 1949.

The assignment of errors is that the award of the Full Board was contrary to law.

When the cause was set for hearing before the Single Member, the facts as alleged in appellee's second paragraph of answer were stipulated. Also, that on August 31, 1952, the appellant went to work as custodian for an office building for which work he was paid as much as he formerly earned while working for appellee.

It is appellant's contention that the Industrial Board erred in three particulars. In view of the decision reached by this court, it is only necessary to discuss the first contention by which the appellant contends that the Industrial Board erred because appellant's action was an original one for compensation and not one for modification of the prior award and should not, therefore, be governed by the provisions of §20 of the Occupational Disease Act (§40-2220, Burns' 1952 Replacement).

Our attention is directed to whether or not the facts specifically found by the board are sufficient to sustain

the award. Under §40-1511, Burns' 1952 Replacement, the statute imposes on the Full Board the obligation to make and file a finding of facts upon which an award is based. In this case, appellant claims that his action for permanent partial impairment is an original action, and, therefore, does not come under the provisions of Section (i), §40-2220, *supra,* while the appellee contends that appellant's application is one of modification of the original award and therefore Section (i), §40-2220, *supra,* applies. If appellee is correct, then this award would necessarily have to be affirmed for the evidence shows that the application was filed more than two years after the date of the last payment of compensation.

The board failed in making its findings to determine whether or not the impairment now complained of by appellant was the result of a change of conditions from the original exposure to silica dust or that his present illness is a result of independent exposure to silica dust. In fact there was no finding stating on what basis the award of the Industrial Board was made.

Due to the fact that appellant filed his application for permanent partial impairment more than two years from the last date for which compensation was paid under the original award, it became necessary and essential for the board to determine and find whether the permanent partial impairment now complained of was a direct result of the first case of exposure for which he received compensation and afterwards returned to work, or was it the result of independent causes occurring after returning to work for the reason that in the first instance the time for filing the application is controlled by Section 24, Burns'

1952 Replacement, §40-1224, as an original action, and in the latter, it is controlled by Section 45, Burns' 1952 Replacement, §40-1410, on the basis as being a change of conditions. *Ben Wolf Truck Lines* v. *Bailey* (1939), 107 Ind. App. 52, 22 N. E. 2d 887. Such a finding of fact is jurisdictional and is required to give validity to an award. Where the right of recovery depends upon a choice between two statutes of limitations, one governing direct harms and another, resulting harms, the board must make a finding in regard thereto. Small, *Workmen's Compensation Laws of Indiana,* §12.7, p. 392. The purpose of requiring finding of facts to be made is to enable a court of review to decide whether there was legal foundation for an award. This we cannot do from the findings as presented on this appeal. If the board is allowed to state conclusions of law without a finding showing what it is based upon, no reviewing court can fathom the reason leading to an award.

In the case of *Cole* v. *Sheehan Construction Company* (1944), 222 Ind. 274, 53 N. E. 2d 172, the general rule was announced that it was the duty of a quasi-judicial fact-finding board or commission to specifically find the facts upon each element essential to support the award, and that the failure to do so raises no presumption as to the facts not found and that it is cause for remanding the case to the board for determination on each of the elements necessary to support an award. *Kosciusko County, etc.* v. *Public Service Comm.* (1948), 225 Ind. 666, 77 N. E. 2d 572; *Stoner* v. *Howard Sober* (1954), 124 Ind. App. 581, *post,* 118 N. E. 2d 504; Small, *Workmen's Compensation Laws of Indiana,* §12.7, p. 396.

It is argued by appellee in support of his contention that appellant's application is one of modification and

not an original award; that the characteristics of silicosis are known to the general public to be a disease that a person actually never fully recovers therefrom, and that this court, as well as the Industrial Board, can take judicial knowledge that the silicosis causing the appellant's disability in 1948 and 1949 are the causes of the same impairment for which he now seeks compensation. This theory is based upon what is known as the rule of judicial notice. The appellee cites Vol. 20, p. 48, Am. Jur. in support thereof. Judicial knowledge has been defined as the cognizance of certain facts which a judge under rules of legal procedure may properly take or act upon without proof because they are already known to him. Generally the rule of judicial notice is that courts will take notice of whatever matters are known and should be generally known; however, it is stated in the authorities cited by the appellee as follows:

". . . The power of judicial notice must be exercised with great caution by the courts."

The same treatise, in defining what the requisites of judicial notice are, says:

"Generally speaking, matters of judicial notice have three material requisites: (1) A matter must be a matter of common and general knowledge; (2) it must be well and authoritatively settled and not doubtful or uncertain; (3) and it must be known to be within the limits of the jurisdiction of the court."

Suffice to say, the matters which appellee now asks this court to take judicial knowledge of do not come within the three requisites as above announced.

In view of the statute requiring findings to be made to support an award and the rulings of this and the

Supreme Court, we cannot adopt appellee's theory that silicosis is such a continuing disease that an application for permanent partial impairment would be applied for under Section (i), §40-2220, *supra,* in the absence of a finding to that effect by the Full Board which finding, in this case, was not made.

Cause remanded to the Industrial Board with instructions to specifically find the facts upon each element essential to support an award.

NOTE.—Reported in 119 N. E. 2d 905.