## POKE *v.* PEERLESS FOUNDRY COMPANY.

[No. 18,825. Filed March 26, 1957. Rehearing denied April 26, 1957.]

*Robert C. Walsman,* of Indianapolis, for appellant.

*Murray, Mannon, Fairchild & Stewart,* and *James L. Murray,* of Indianapolis, for appellee.

ROYSE, J.—This is the second appeal in this case. *Poke* v. *Peerless Foundry Company* (1954), 124 Ind. App. 544, 119 N. E. 2d 905. In that case we remanded to the Industrial Board with instructions to determine and find whether the permanent partial impairment now complained of was a direct result of the first case of exposure for which he received compensation and afterwards returned to work, or was it the result of independent causes occurring after returning to work.

The finding and award of the Industrial Board in this case is, in part, as follows:

"That on the 12th day of November, 1948 the plaintiff suffered a disablement resulting from an occupational disease known as si*ll*icosis, which said occupational disease was contracted by the plaintiff while in the employ of said defendant herein.

"It is further found that on the 28th day of February, 1949 a compensation agreement was entered into by said parties, which said agreement was filed with and approved by the Industrial Board on or about the 24th day of March, 1949; that under and pursuant to the said compensation agreement the defendant paid plaintiff compensation for the plaintiff's disability on account of the said accidental occupational disease from the 12th day of November, 1948, up to and including the 16th day of January, 1949 for a period of fifty-nine (59) days in the total sum of One Hundred Sixty-nine Dollars and Twenty-five Cents ($169.25); that the plaintiff's disablement on account of the said occupational disease terminated on the 16th day of January, 1949 and that he was able to and did return to work for the defendant on the 17th day of January, 1949;

that on or about the 1st day of March, 1949, a receipt showing such payment was filed with the Industrial Board of Indiana.

"It is further found that after the plaintiff returned to work for the defendant on the 17th day of January, 1949 he continued in said employment to the 1st day of August, 1952, at which time he was laid off from work by the defendant and the said plaintiff sought other employment; that during the said last period of employment the plaintiff was again exposed to silica dust but that as a result thereof he did not sustain any disablement or permanent partial impairment. . . .

"IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that the plaintiff shall take nothing by his Form 115 application for the adjustment of claim for compensation under the Occupational Disease Act, filed with the Industrial Board on the 21st day of April, 1953, and that the plaintiff shall pay the costs, if any, taxed in said cause."

Appellant first contends the Board erred when it decided they did not have jurisdiction to consider and determine appellant's application for impairment compensation. The purpose of our remand in the first case was to have the Board find and determine the facts to show which of the two statutes of limitation applied in this case. The Board in this case found facts sufficient to sustain its determination that it did not have jurisdiction because of the statute of limitations.

Appellant next contends the evidence in the record is not sufficient to sustain this finding of the Board. In considering this question we may only consider the evidence most favorable to the appellee. Unless the evidence in the record leads inescapably to the conclusion that appellant was denied compensation to which he was entitled under the law, we may not disturb the award on this ground.

There was a conflict in the evidence. Dr. Louis W. Spolyar, specialist in industrial diseases, made his first examination of appellant January 27, 1949, and at that time found he had "silicosis uncomplicated". He made a further examination September 2, 1952, and the X-rays showed bilateral pulmonary pathology progressive, and in the opinion of the doctor appellant's condition had progressed since his examination in 1949 and would continue to progress possibly five to ten years until all of the free silica in his lungs was encased in nodules. He said at the time of the first examination appellant had lost 14% of the vital capacity of his lungs and at the time of the second he had lost 17%. In referring to his present condition he said:

> "It would be a continuation of the same disease process, and one couldn't at this state of the game determine when it will terminate for sure because these silica particles take a long time to actually wall off."

It was his opinion no disability would result until he had lost at least 25%. He described the distinction between the decrease in vital capacity in the lung and permanent impairment to usefulness of the man's body. He said it was doubtful that the 14% impairment would have remained static. It probably would have increased even though he had not returned to the exposure. He said that at the time of the two examinations appellant suffered neither permanent partial impairment nor temporary partial impairment. He distinguished the difference between impairment and disability, and says at all times he was referring to impairment.

It seems to us that upon the above facts the Board might reasonably find that during the last period of his employment appellant did not sustain any permanent partial impairment.

Appellant finally complains of the action of the Board in denying his application to introduce additional evidence. In his affidavit he did not set out the facts as to the matter which these witnesses would testify, as required by Rule 18 of the Board, and the only excuse he gave for failure to present such witnesses was that "he did not consider that it would be necessary". At the time of the original hearing in this case he knew the evidence these witnesses would give but then believed their testimony would not be necessary to sustain his claim. Then, when an adverse ruling was made he sought leave to open the case and present their testimony. One cannot gamble on the outcome of a case in this manner and then complain of the action of the trier of facts to hear such evidence.

Award affirmed.

NOTE.—Reported in 141 N. E. 2d 133.