CLEMANS TRUCK LINE, INC., ET AL. *v.* PUBLIC SERVICE COMMISSION OF INDIANA, ET AL.

[No. 668A105. Filed October 14, 1969. No petitions for rehearing or transfer filed.]

*Alki E. Scopelitis, Robert W. Loser, Lockton & Scopelitis* and *Smith & Minton,* of counsel, all of Indianapolis, for appellants.

*Ferdinand Born, Walter F. Jones, Jr.* and *Buschmann, Carr & Schabel,* of counsel, all of Indianapolis, for appellees.

CARSON, J.—This is an appeal seeking judicial review of a ruling of the Public Service Commission granting a certificate of public convenience and necessity to the appellee, Associated

Truck Lines, Inc., to haul freight over certain territory already served by the appellants.

This court previously enjoined the Public Service Commission from granting the certificate and restrained the appellee, Associated Truck Lines, Inc., from operating under such a certificate. The final disposition of this case will determine whether or not the easements of the certificate by the Public Service Commission should be approved or whether it should be permanently rescinded, set aside and held for naught and the appellee, Associated Truck Lines, Inc., enjoined from operating over the territory in question.

Since this is a matter coming up from the Public Service Commission of Indiana, an administrative agency, we sit in judicial review of the order of the Public Service Commission and the record which exists in support of that order. *Warren v. Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399.

The application filed by the appellees requested authority to operate as a common carrier carrying all types of commodities over the following routes: (1) between South Bend and LaPorte; (2) between South Bend and Michigan City; and, (3) between Michigan City and LaPorte.

The basis of the appellants' argument, and on which they seek an order of this court vacating and setting aside the certificate issued by the Public Service Commission, is fully and carefully stated in the appellants' brief and is in the following language:

"The only proof submitted was with respect to an alleged need for service from Angola and Edinburg to LaPorte; from Angola to LaPorte and Michigan City, and (3) between Michigan City and LaPorte. No witnesses appeared to testify as to a need for service between South Bend and LaPorte and Michigan City. Therefore, Appellants argue that the evidence submitted was beyond the scope of the application and is further indicative of Appellants' contention that the order granting the application was not supported by substantial evidence.

"Appellants further argue that the Commission failed to acknowledge the effect the granting of the application would

have on all authorities held by the Appellants because Associated can, by a grant of the application, tack the authority granted with other authorities it holds, thereby rendering a service well beyond the published scope of the application. This is contrary to the evidence and contrary to law in that the grant of the authority exceeded that which was applied for and published.

"The order of the Commission dated April 19, 1968, was issued contrary to law in that the Commission on May 13, 1968, prematurely issued the certificate of public convenience and necessity to Associated without expiration of the time limit for filing petitions for reconsideration and rehearing, thereby depriving Appellants of their administrative remedies all of which is contrary to Burns' Indiana Statutes, Annotated, Section 47-1215." (Appellants' Brief, pp. 4-5.)

Appellants contend that the evidence submitted by the appellee, Associated Truck Lines, Inc., was beyond the scope of the application and that the order of the Public Service Commission was not supported by substantial evidence; that it is contrary to law for the reason that the Commission failed to consider the adequacy of the existing service and the effect that the granting of the application would have on the existing carriers. There has been no objection to the notices issued relative the subject of the application and the time and place of the various hearings. The examiner's report and recommended order was submitted to the Commission and the parties on March 4, 1968. The appellants filed exceptions to the report and recommended order of the examiner; the appellee filed motion for extension of time to file reply to the exceptions but, the record does not disclose that any reply was actually filed.

The findings and final order of the Commission which was issued on the 19th day of April, 1968, reads as follows:

"1. That the Commission has jurisdiction over the subject matter and the parties thereto.

"2. That the applicant is an Indiana Corporation with principal place of business at Warsaw, Indiana.

"3. That the applicant is financially able to conduct and perform the proposed service herein sought by this authority.

"4. That the applicant has sufficient equipment to perform the proposed services, and said equipment will be supplied to the public shippers as required.

"5. That the personnel of the applicant company are familiar with the laws of the State of Indiana and the rules and regulations of the Public Service Commission of Indiana, as the same relate to common carriage, and are willing to abide by them.

"6. The granting of this authority will not impair the operations of any other common carrier serving the same territory.

"7. That the Protestants filed timely exceptions to the recommended order of the examiner, and the Applicant filed a motion for extension of time for filing answer brief which was approved; and the recommended order of the examiner should be approved and the Protestant's exceptions overruled and a certificate of public convenience and necessity should be issued to the Applicant herein to operate motor vehicles as a common carrier of property, intrastate, and it will be so ordered.

"IT IS THEREFORE ORDERED BY THE PUBLIC SERVICE COMMISSION OF INDIANA that a certificate of public convenience and necessity be issued to Associated Truck Lines, Inc., of Indiana, Warsaw, Indiana, to operate motor vehicles as a common carrier of property, intrastate, subject to the performance of the conditions as hereinafter set out as follows, to-wit:

"REGULAR ROUTES:

"*General Commodities.*

"*Route 1.*

"Between South Bend, Indiana, and LaPorte, Indiana, over Indiana Highway 2 serving all intermediate points.

"*Route 2.*

"Between Michigan City and LaPorte, Indiana, over U.S. Highway 35 serving all intermediate points.

"IT IS FURTHER ORDERED that the protestants exceptions are overruled, and the recommended order of the examiner is hereby approved.

"IT IS FURTHER ORDERED that no intrastate certificate or permit, as the case may be, shall be issued herein unless applicant has performed each and all of the following

conditions precedent: (1) applicant shall file and at all time thereafter keep on file insurance as provided by law and the Commission's regulations, and subject to the approval of the Commission; (2) applicant if a common carrier shall file with the Commission three (3) copies of a tariff and if a contract carrier, shall file with the Commission three copies of a schedule of minimum rates together with one copy of each contract, all in accordance with the laws of the State of Indiana and the rules and regulations of this Commission.

"IT IS FURTHER ORDERED that the entry of this order shall create no property rights or authority to operate for the applicant without the performance of the foregoing requirements, and should applicant fail to qualify as hereinbefore provided, this order shall be AUTOMATICALLY REVOKED at the expiration of 60 days from its entry herein without further notice or proceedings.

"IT IS FURTHER ORDERED that applicant shall comply with all applicable provisions of the Motor Vehicle Act of the State of Indiana, 1935, as amended; the applicant shall abide by any and all applicable rules, regulations, and orders of the Commission now in effect or which may hereafter be adopted.

"IT IS FURTHER ORDERED and it is made a condition to the issuance of a certificate or permit, that the holder thereof shall render reasonable, continuous and adequate service to the public in pursuance of the authority herein granted, and that failure so to do shall constitute an abandonment of the rights granted herein and shall operate as a forfeiture of said certificate or permit.

"IT IS FURTHER ORDERED that the service contemplated herein may not be instituted by applicant prior to the issuance of the operating authority (certificate of public convenience and necessity or permit).

"IT IS FURTHER ORDERED that this Commission retain jurisdiction of the subject matter and of the party or parties hereto for the purpose of issuing any further order or orders as the Commission may deem necessary.

*"BAYT, STEIN AND CLANCY CONCUR:*
"APPROVED: April 19, 1968

"I hereby certify that the above is a true and correct copy of the order as approved.

"J. M. DeVoss
SECRETARY
(SEAL)"

The appellants filed proper petitions for rehearing and reconsideration which were denied by the Commission and these followed by the assignment of errors of the appellants which read as follows:

## "ASSIGNMENT OF ERRORS

"COME NOW the Appellants, Clemans Truck Lines, Inc., Courier-Newsom Express, Inc., and South Bend Freight Lines, Inc., and allege and represent to this Court that it has jurisdiction of the captioned matter pursuant to the provisions of Acts 1957, Ch. 189 (Burns' Indiana Statutes 54-443 *et seq.*) and that there is manifest error in the record and proceedings below in each of the following:
"1. The decision, ruling and order of the Public Service Commission of Indiana entitled *In the Matter of the Application of Associated Truck Lines, Inc., of Indiana, Warsaw, Indiana, for a Certificate of Public Convenience and Necessity to operate motor vehicles as a common carrier of property, intrastate,* Docket No. 2747-A, 35, is contrary to law.
"DATED: September 30, 1968."

The above assignment presents to this court all questions raised by the appellants' argument of the appellee, Associated Truck Lines, Inc.'s, answer which are necessary for this court to consider in its review.

In the argument portion of appellants' brief, we are presented with several points, all of which we have considered, and find that some of them do not need to be discussed in disposition of this appeal.

Proposition D of the appellants' brief reads as follows:

"*The Order of the Commission Dated April 19, 1968, was Issued Contrary to Law and was Not Supported by Substantial Evidence*"

This covers the scope of the point to which we address ourselves in this opinion, which point is hereinafter set out:

"5. *The Commission Failed to Consider the Statutory Criteria of Burns' Section 47-1217*"

We have carefully examined the record including the findings of the Commission which are necessary to support its order. The record fails to disclose that the Commission made any finding of ultimate fact as to the existence of public convenience and necessity. Such finding is necessary to support the Commission's order. Burns' 1965 Replacement, § 47-1217. See also: *American Transp. Co.* v. *Pub. Serv. Comm. of Ind.* (1959), 239 Ind. 453, 154 N. E. 2d 512; *Kosciusko County, etc.* v. *Public Service Comm.* (1948), 225 Ind. 666, 77 N. E. 2d 572; and, *Poke* v. *Peerless Fdry. Co.* (1954), 124 Ind. App. 544, 119 N. E. 2d 905.

We further call attention of the Commission to the following language in *Wabash Valley Coach Co.* v. *Arrow Coach Lines* (1950), 228 Ind. 609, 94 N. E. 2d 753, at page 613:

> "The finding that a certificate of public convenience and necessity should be granted is simply a conclusion from all the evidence without any special finding of fact upon which the conclusion can be reached. The Public Service Commission should find the ultimate facts specifically and not generally. The findings of fact must be specific enough to enable the court to review intelligently the Commission's decision."

The order of the Public Service Commission granting the certificate to Associated Truck Lines, Incorporated, is hereby reversed and the certificate is vacated and set aside and this cause is remanded to the Commission for further findings not inconsistent with this opinion.

Order reversed, certificate vacated, cause remanded.

Lowdermilk, P.J., Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 251 N. E. 2d 464.