**EVANSVILLE STATE HOSPITAL, Robert Heyne, Acting Superintendent, Indiana Department of Mental Health, Dennis R. Jones, Commissioner, Appellants,**

**v.**

**Mildred PERRY, Appellee.**

**Indiana State Employees' Appeals Commission, Barbara Curran, Chairperson, Non–Appealing Respondent Below.**

**No. 73A01–8908–CV–298.**

Court of Appeals of Indiana,
First District.

Dec. 4, 1989.

Ordered Published Jan. 22, 1990.

Linley E. Pearson, Atty. Gen., Michael D. Conner, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellants.

Barbara J. Baird, Neil E. Gath, Fillenwarth Dennerline Groth & Baird, Indianapolis, for appellee.

ROBERTSON, Judge.

Appellants Evansville State Hospital, et al (Hospital) appeal from the trial court's order affirming the decision of the Indiana State Employees' Appeals Commission (SEAC) reinstating hospital employee Mildred Perry (Perry).

We reverse.

Perry was a long-time employee of Evansville State Hospital as a psychiatric attendant. She was dismissed in December, 1987 as a result of two incidents of patient abuse witnessed by several Hospital employees. Perry's appeal of her dismissal to the State Personnel Department was unsuccessful. She then instituted an appeal to SEAC, which reinstated Perry and imposed instead a 30–day suspension without pay. SEAC's findings of fact read:

1. That at all times relevant to this appeal, Petitioner Mildred Perry was a regular employee in the Indiana State Merit Service and was employed by Respondent Evansville State Hospital as a psychiatric attendant.

2. That on December 11, 1987, Petitioner initiated an administrative employee complaint pursuant to IC 4–15–2–35 in which she challenged her dismissal from employment.

3. That by letter dated December 9, 1987, Petitioner was suspended ten days pending dismissal for two incidents of patient abuse.

4. That on December 6, 1987, Petitioner yelled at a patient named Mary Jane in the dining room at breakfast and a patient named Patricia at lunch. Petitioner also shook Patricia at that time.

5. That Petitioner showed poor judgment in these incidents.

6. That Petitioner normally has a loud manner of speaking.

7. That Petitioner has received a counseling and a reprimand in lieu of suspension for previous incidents of similar behavior.

8. That more progressive discipline could have been used in this case instead of jumping directly to dismissal.

9. That Petitioner's actions on December 6, 1987, did not justify a dismissal from employment.

Hospital appealed from SEAC's granting partial relief in favor of Perry. The trial court upheld SEAC's determination, holding that Hospital had failed to demonstrate that SEAC's decision was arbitrary and capricious, an abuse of discretion, or not in accordance with law or unsupported by substantial evidence.

From the trial court's unfavorable decision, Hospital brings this appeal. Hospital presents two issues: 1) whether SEAC's decision was arbitrary and capricious, and 2) whether SEAC failed to act on ascertainable standards when it determined that Perry should have been subjected to a suspension first before dismissal. Because these issues are related, we will consider them together.

The scope of review of an administrative agency's decision is very narrow. IND. CODE 4–22–1–18 provides that a reviewing court may set aside the decision or determination of an agency only when that decision or determination is:

(1) Arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) Contrary to constitutional right, power, privilege, or immunity;

(3) In excess of statutory jurisdiction, authority, or limitations, or short [of] statutory right;

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence.

*Ind. Dept. of Environmental Manag. v. Amax, Inc.* (1988), Ind.App., 529 N.E.2d 1209.

■ Hospital has not challenged the findings as unsupported by the evidence; instead, it argues only that the trial court's decision is contrary to law. Where a party challenges the judgment only as contrary to law and does not challenge the special findings as unsupported by evidence, we do not consider the evidence, but rather we look only to the trial court's findings to determine whether they support the judgment. *Id.* Where the appellant does not attack the validity of the trial court's findings, we accept them as true. *Id.*

■ Administrative boards, agencies and officers have no common law or inherent powers, but only such authority as is conferred upon them by statutory enactment. *Vehslage v. Rose Acre Farms* (1985), Ind. App., 474 N.E.2d 1029. The powers and duties of SEAC appear at I.C. 4–15–1.5–6:

The appeals commission is hereby authorized and required to do the following:
(1) To hear or investigate those appeals from state employees as is set forth in IC 4–15–2, and fairly and impartially render decisions as to the validity of the appeals or lack thereof. Hearings shall be conducted in accordance with IC 4–21.5.
(2) To make, alter, or repeal rules by a majority vote of its members for the purpose of conducting the business of the commission, in accordance with the provisions of IC 4–22–2.
(3) To recommend to the personnel director such changes, additions, or deletions to personnel policy which the appeals commission feels would be beneficial and desirable.

In this case SEAC exercised the power given it under subsection 1 to "render decisions as to the validity of the appeals." State employees have the right to appeal a dismissal under I.C. 4–15–2–34. By that provision, "an appointing authority or his designee may dismiss for cause any regular employee in his division of the service ..." *Id.* The parties stipulated that Hospital regulation number V.9 was in effect. That regulation says:

Any act on the part of any employee which might be construed mistreatment, either verbal or physical, of patients receiving hospital care constitute (sic) grounds for the *immediate dismissal* of the offending employee. (Emphasis supplied.)

The regulation continues:

It will be held that a patient has been ill-treated, or mistreated, if reasonable convincing evidence points to his having been attacked, struck, kicked by an employee or any person other than a patient. Verbal abuse of patient, includes teasing, speaking harshly or rudely to a patient, laughing at a patient, ridiculing, scolding, or using foul or abusive language of any nature in the presence of a patient. Physical abuse includes pushing, shoving, striking, and kicking. Further, abuse would be indicated if the patient has been handled rough (sic) or with physical force beyond that necessary to protect the patient from himself or others.

In this case, Perry had been dismissed for two instances of patient abuse. Fellow employees had reported that Perry had grabbed one patient by her hair, and another patient by the neck while being verbally abusive to both. The State Personnel Board upheld Perry's dismissal, but SEAC reinstated Perry, finding that Perry's yelling at patients and shaking one showed

poor judgment, and warranted only the next step in the progression of discipline, suspension.

■ The final determination of an agency is fatally defective if not supported by specific findings of fact capable of supporting the conclusion reached. *State ex rel. Sacks Bros. Loan Co., Inc. v. DeBard* (1978), 177 Ind.App. 679, 381 N.E.2d 119. The appellate court in *V.I.P. Limousine Service, Inc. v. Herider–Sinders, Inc.* (1976), 171 Ind.App. 109, 355 N.E.2d 441, 445 stated:

> It is thus appropriate to say that we need not only findings of basic facts but we must know how and why and to what purpose the administrative agency utilized those facts in reaching its ultimate conclusion. A rational relationship between the facts found and the conclusion reached must exist and should be stated. We need then, in addition to the findings of fact, a statement of the reasons for the agency's ultimate determination. That statement of reasons should embrace a reference to the basic facts found, relating those basic facts to the ultimate fact within a framework of the law which defines issues to be decided, i.e., those issues which are disputed by [the] parties.

Since I.C. 4–15–2–34 gives Hospital the power to dismiss an employee for cause, and in view of the hospital regulation which was in effect at the time of the acts, SEAC was charged with determining whether the acts which Perry committed, as found in SEAC's finding # 4, constituted patient abuse, and whether patient abuse constitutes cause to dismiss Perry. Whether the acts Perry committed are patient abuse under the regulation, and whether patient abuse is cause for dismissal, may be deemed "ultimate findings" involving mixed questions of law and fact. *See Allen v. Scherer* (1983), Ind.App., 452 N.E.2d 1031. SEAC's determination does not set forth a finding or conclusion on either of these issues.

■ Perry asserts that SEAC found no patient abuse had occurred. However, SEAC made *no finding* with respect to patient abuse, and we will not presume

from a missing finding that a finding in the negative was made. *See, Poke v. Peerless Foundry Co.*, (1954), 124 Ind.App. 544, 119 N.E.2d 905.

SEAC's failure to find the ultimate facts upon which its decision must rest requires us to remand. *See Vehslage v. Rose Acre Farms, supra.*

■■ Hospital also argues that SEAC failed to use ascertainable standards when it required that Perry first be subjected to suspension. We agree. In order to satisfy due process, administrative decision-making must be done in accordance with previously stated, ascertainable standards, which must be written with sufficient precision to give fair warning as to what the agency will consider in making its decision. *Amax, supra.* Standards need not be supplied only by statute, as Perry contends. *See Clarkson v. Dept. of Insurance* (1981), Ind.App., 425 N.E.2d 203, 207–08.

■ The statute empowering SEAC to consider appeals of state employee dismissals, I.C. 4–15–1.5–6, does not admit of any standards by which the "validity" of those appeals should be judged. Further, I.C. 4–15–2–34 provides an employee may be dismissed "for cause," and hospital regulation V–9 allows immediate dismissal for patient abuse. Nowhere in the record is there documented a standard requiring progressive discipline, or that every step in the disciplinary hierarchy must be imposed before dismissal is warranted. SEAC erred by imposing progressive discipline in absence of previously stated ascertainable standards.

The trial court's judgment affirming SEAC's decision is reversed and this case is remanded to the trial court to direct SEAC to make sufficient findings of fact and for further proceedings consistent with this opinion.

Cause remanded.

RATLIFF, C.J., and HOFFMAN, J., concur.