**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK I. COX**
The Mark I. Cox Law Office
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| B.O., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 89A01-1111-JV-503 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WAYNE SUPERIOR COURT
The Honorable Darrin M. Dolehanty, Judge
Cause No. 89D03-1109-JD-39

**March 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

The Wayne Superior Court III entered a true finding that sixteen-year-old B.O. had committed acts that, if committed by an adult, would constitute the crimes of theft as a class D felony and consumption of an alcoholic beverage by a minor as a class C misdemeanor. Following a dispositional hearing, the trial court placed B.O. with the Department of Correction (the DOC). As the sole issue on appeal, B.O. challenges that placement.

We affirm.

The facts favorable to the judgment are that on June 26, 2011, B.O. stole several packages of beef jerky from a convenience store and later that day consumed alcohol, i.e., beer. On September 26, 2011, the State filed a delinquency petition alleging that B.O. had committed acts that, if committed by an adult, would constitute the offenses of theft and illegal consumption of an alcoholic beverage by a minor. On October 11, 2011, B.O. admitted that the allegations were true. A dispositional hearing was held on October 18 concerning B.O.'s placement, after which the court awarded wardship of B.O. to the DOC. The court's decision was accompanied by the following findings of fact:

1. This child is a delinquent child as defined by I.C. 31-37.

2. This child needs care, treatment, and rehabilitation to assist him in achieving a healthy, law-abiding lifestyle, and to aid the child in eventually becoming a productive adult member of society.

3. It is unlikely that the child would receive the appropriate level of care, treatment, or rehabilitation without the coercive intervention of the Court.

4. The child is now 17 years old.

5. The child has an extensive history with the local juvenile court system, and various treatment alternatives have been attempted, including detention, suspended detention, formal probationary

2

supervision, extensions of that supervision, several efforts at outpatient therapy, and placement with the Department of Correction.

6. The child has an alcohol and marijuana dependence, and has not abstained from use when not in a secured facility.

7. The child does not take his medications as prescribed.

8. The child has virtually no family support. The mother has been especially resistant to the efforts made to have her participate in counseling, therapy and the other components of the child's treatment plans.

9. Prior to commitment to the Department of Correction in 2010, the child has been referred to Centerstone for therapy. Consistent with his prior behavior patterns, he attended counseling only sporadically, received no support from his mother, and was not successful in that treatment program. As reflected in the Pre-Dispositional Report, serious effort was made to keep the child at home and in services. Ultimately, those efforts failed and the child was committed to the Department of Correction.

10. Upon release from the Department of Correction, the child returned to illegal drug and alcohol use.

11. When the child was arrested in July 2011, for underage drinking and conversion, the Probation Officer requested that prosecution be delayed until additional services could be put into place for this child. The Probation Officer made prompt referral to the Roadmaps to Recovery program, administered at the Wernle Children and Family Treatment Center. The mother did not follow through with the minimal duties she had to initiate that treatment program. The child's uncle ended up taking the child to the treatment appointment.

12. The child's counselor at Wernle has also noted that this child receives virtually no support from the family.

13. While in this most recent treatment program, and even following the initiation of this delinquency case, the child continues to use marijuana.

14. The Probation Officer arranged for a "recovery coach" for this child,

3

to assist with the transportation and other possible barriers to treatment.

15. The mother has recently withdrawn the child from public school, and he is currently receiving no formal educational services.

16. The child has made virtually no progress in his outpatient treatment at Wernle. He has failed to attend multiple sessions, has been late for several other sessions, has continued to test positive for marijuana use, and has submitted at least one drug screen sample that was diluted.

17. Reasonable efforts have been made in an effort to prevent the need for removal of the child from the home. Those efforts are set out above, and include prior detention, probationary supervision, assignment of a recovery coach, outpatient treatment and therapy and placement at the Department of Correction.

18. The mother has no reported source of income.

*Appellant's Appendix* at 22-23. B.O. appeals his placement with the DOC.

Our standard of reviewing the placement of a child adjudicated as delinquent is well settled. After a juvenile has been adjudicated delinquent, choosing a specific disposition is a matter committed to the juvenile court's discretion, subject only to the statutory considerations of the welfare of the child, the safety of the community, and the Juvenile Code's policy of favoring the least harsh disposition. *M.B. v. State,* 815 N.E.2d 210 (Ind. Ct. App. 2004); *see also* Ind. Code Ann. § 31–34–19–6 (West, Westlaw through end of 2011 1st Regular Sess.). We will overturn a dispositional order only if the court "'abused its discretion because its conclusion and judgment are clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *M.B. v. State*, 815 N.E.2d at 215 (quoting *L.L. v. State,* 774 N.E.2d 554, 556 (Ind. Ct. App. 2002), *trans. denied)*.

4

We note at the outset that B.O. does not challenge the findings of fact supporting the juvenile court's judgment. Where the appellant does not attack the validity of the trial court's findings, we accept them as true. *See Evansville State Hosp. v. Perry*, 549 N.E.2d 44 (Ind. Ct. App. 1989); *see also A.S. v. State*, 923 N.E.2d 486 (Ind. Ct. App. 2010) (a juvenile delinquency adjudication is civil in nature). Therefore, we accept as true the foregoing findings of fact.

B.O.'s argument upon appeal is two-fold. First, he contends that courts are required to impose the least restrictive disposition upon a finding of juvenile delinquency. Second, he contends wardship in the DOC was not the least restrictive disposition in his case. In a juvenile delinquency proceeding the goal of disposition is to rehabilitate rather than to punish. *See E.L. v. State*, 783 N.E.2d 360 (Ind. Ct. App. 2003). Commitment to the DOC should be resorted to only if less severe dispositions are inadequate. *Id.*

As the court's findings reflect, B.O. has an extensive history of juvenile delinquency. As a result of past encounters with the juvenile justice system, B.O. has been offered the benefit of various treatment alternatives, including detention, suspended detention, formal probationary supervision, extensions of that supervision, several efforts at outpatient therapy, and placement with the DOC. To date, none of those efforts have proven to be successful. After each effort at rehabilitation and services, he has resumed his delinquent behavior. B.O. suffers from anxiety and depression, but refuses on his own to take medication prescribed for those conditions. B.O. has an alcohol and marijuana dependence, and has not demonstrated the ability to abstain from using those substances when he is not in a secured facility. Moreover, he has minimal and ineffective family support in dealing with these issues.

5

Indeed, his mother has been "especially resistant" to efforts at attempting to obtain her participation in various treatment plans ordered by the court. *Appellant's Appendix* at 23.

B.O.'s behavior in the instant proceeding is revealing. When he was arrested in July 2011 for underage drinking and conversion, his probation officer asked that prosecution be delayed until additional services could be put into place for him. Those services included a recovery program administered at the Wernle Children and Family Treatment Center. Yet, B.O. continued to use marijuana even while in the treatment program. He has reportedly made virtually no progress in his outpatient treatment. It was reported that he failed to attend several sessions, was late for several other sessions, continued to test positive for marijuana use, and submitted at least one drug screen sample that was diluted. In short, B.O. has not shown an ability to refrain from engaging in illegal activity and to address his substance-abuse problem unless he is placed in a structured environment, and his family support system is demonstrably not up to the task of aiding him to make progress in those areas.

Therefore, it appears that this is a circumstance in which anything less severe than commitment to the DOC would be inadequate, and that commitment to the DOC is in the best interests of B.O. and of society in general. *See M.R. v. State,* 605 N.E.2d 204; *see also J.J. v. State,* 925 N.E.2d 796, 802 (Ind. Ct. App. 2010) (affirming commitment of juvenile to DOC where juvenile had been offered numerous means for rehabilitation but "has continued to reoffend and disrespect the rule of law and his fellow citizens"), *trans. denied.* The juvenile court did not abuse its discretion by ordering B.O. committed to the DOC.

Judgment affirmed.

RILEY, J., and MATHIAS, J., concur.

6