(No. 17071.—Judgment reversed; order set aside.)
THE ILLINOIS POWER AND LIGHT CORPORATION, Appellant,
*vs.* THE COMMERCE COMMISSION *et al.*—(THE CONSOL POWER COMPANY, Appellee.)

*Opinion filed February 18, 1926—Rehearing denied April 9, 1926.*

1. PUBLIC UTILITIES—*purpose of public utility legislation.* The purpose of legislation regulating public utilities is to provide the public with efficient service at a reasonable rate by compelling an established public utility occupying a given field to provide adequate service and at the same time to protect it from ruinous competition; and by such legislation it has become the public policy of the State, which the courts cannot change by judicial decision, that free competition among public utilities does not promote the service.

2. SAME—*Commerce Commission is not a judicial body.* The Commerce Commission is not a judicial tribunal and its orders are not judgments which are *res judicata,* but they are subject to change by the commission when changed conditions warrant.

3. SAME—*when former order of commission does not preclude appeal from order granting certificate to new company.* The fact that the order of the Commerce Commission in granting a certificate of convenience and necessity to a light and power company

limited it to serve a strip of territory a certain width on each side of its transmission lines does not preclude the company from appealing from an order of the commission granting a certificate to a newly formed company to serve territory not included in the prior order; and where the former company is already in the field and is able to serve the additional territory should the commission order it to extend its service or should it make application for such certificate, the commission is not warranted in granting a certificate to the new company.

APPEAL from the Circuit Court of Macoupin county; the Hon. FRANK W. BURTON, Judge, presiding.

LANE, DRYER & BROWN, (H. L. HANLEY, of counsel,) for appellant.

A. H. BELL, and WHITNEL & BROWNING, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from a judgment of the circuit court of Macoupin county confirming an order of the Commerce Commission granting to appellee a certificate of convenience and necessity.

Appellant, the Illinois Power and Light Corporation, owns and operates power plants located at Edwardsville, Collinsville, Hillsboro, Gillespie, Carlinville and elsewhere in this State, with transmission lines and distribution systems used in connection with them. In order to render service to the Mt. Olive-Staunton Coal Company it made application to extend its transmission line from Sawyerville, in Macoupin county, south and east to mine No. 2 near Williamson, in Madison county. A hearing was had upon the application, and a certificate of convenience and necessity was granted authorizing appellant to construct a 33,000-volt transmission line along the route indicated in the petition and giving it the right to sell electric service for light and power purposes to all persons residing within a half mile of

the line when constructed. The line has been constructed and the service is being rendered. Prior to the granting of this certificate to appellant, the Consolidated Coal Company, which owns a large acreage of coal lands in Macoupin, Madison, Christian and Bond counties, and which owned and operated three coal mines north of Staunton, in Macoupin county, had erected a power plant at its mine in the village of White City for the purpose of generating electric current for use in its mines and had erected a transmission line which runs south and west from White City to its mine just outside the city limits of Staunton. This plant is capable of producing much more electricity than is required to operate the three mines of the Consolidated Coal Company, and until it develops some more of its coal lands it can supply electric power to other consumers. The village of White City owns its own distribution system and buys power from the coal company. In addition to selling power to the village the company is rendering service to twenty-three consumers who live just outside the corporate limits of the city of Staunton and is furnishing power to five or six employees living in company houses along the transmission line. A *quo warranto* proceeding was filed challenging the right of the coal company to engage in the business of rendering electric service to private consumers, and thereupon appellee, the Consol Power Company, was organized. On the day its charter was issued, June 28, 1923, appellee filed its application with the Commerce Commission for a certificate of convenience and necessity. January 23, 1924, a certificate was granted authorizing appellee "to engage in the business of rendering electric service along the route of the present electric line of the Consolidated Coal Company, * * * except in so far as the right to render service in such territory was granted to the Illinois Power and Light Corporation under a certificate" issued June 25, 1923.

The policy established by legislation for the regulation of public utilities is to provide the public with efficient ser-

vice at a reasonable rate by compelling an established public utility occupying a given field to provide adequate service and at the same time to protect it from ruinous competition. (*Choate* v. *Commerce Com.* 309 Ill. 248; *West Suburban Transportation Co.* v. *Chicago and West Towns Railway Co.* id. 87.) By the adoption of this act it became the public policy of the State that free competition among public utilities did not promote the public service. Whether this policy is sound rests with the legislative department of the government and not with the judiciary.

Before appellee was organized appellant was in the field operating a public utility fully equipped to adequately serve all the consumers in the territory. Appellee was organized for the purpose of providing a means to dispose of a temporary excess of electric energy which the Consolidated Coal Company had the equipment to produce. The total amount of the authorized capital stock of appellee is $5000, and all of this stock is owned by the coal company and its officers. Appellee owns no power station, transmission lines or electrical equipment of the character used and useful in the operation of a public utility, nor does it have a contract with any person or corporation to furnish the necessary current to render the service required. It is clear from the evidence in the record that appellee was organized for the purpose of securing a certificate of convenience and necessity to continue the public utility business theretofore conducted by the Consolidated Coal Company, and that the facilities of the Consolidated Coal Company are to be the only facilities of appellee. It is equally clear that appellant is able and willing to serve the twenty-five or thirty consumers who live outside the corporate limits of Staunton who have been served from the transmission line of the coal company. All of the persons within the territory which appellee proposes to serve are within one mile of an existing line of appellant. The Public Utilities act provides the means for compelling appellant to provide adequate service for the public

in the territory which it serves. If the company now occupying the territory is incapable of providing adequate service, then, and not until then, will a situation arise when the public convenience and necessity may require the establishment of another utility.

Appellee has made a motion to dismiss this appeal on the ground that no right or interest of appellant is involved. This contention is based upon the theory that appellant, by the certificate of convenience and necessity granted to it, is limited in its right to serve consumers within one-half mile of its transmission line, and that the granting of the certificate to appellee to serve persons outside this strip of territory is a thing of which appellant has no right to complain. Any order entered by the commission is subject to change by it when changed conditions warrant. The order limiting the territory which appellant could serve was not an adjudication of a litigated matter in the sense that its order is *res judicata* of any question presented on the hearing of the application of appellee. The commission is not a judicial tribunal and its orders are not judgments. The fact that the certificate of convenience and necessity issued to appellant June 25, 1923, limited it to serve a strip of territory one-half mile wide along each side of the transmission line there involved did not prevent it from making application for a certificate to serve other territory adjacent to one of its lines, nor did it prevent the commission from entering an order upon its own motion or upon complaint of some person desiring service extending the territory in which appellant could render service. The motion to dismiss the appeal is without merit.

The judgment of the circuit court is reversed and the order of the commission is set aside.

*Judgment reversed and order of commission set aside.*