KOSCIUSKO COUNTY RURAL ELECTRIC MEMBERSHIP CORP. ET AL. v. PUBLIC SERVICE COMMISSION ET AL.

[No. 28,376. Filed February 26, 1948.]

*Geo. M. Bowser,* of Warsaw, and *Davis, Baltzell, Hartsock & Dongus,* of Indianapolis, for appellants.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, *Karl J. Stipher,* Deputy Attorney General; *Lawyer & Anderson,* of Hammond, and *McHale, Patrick, Myers & Cook,* of Indianapolis, for appellees.

STARR, J.—On November 20, 1946, the appellee, Northern Indiana Public Service Company, hereinafter referred to as NIPSCO, filed its petition with the appellee, Public Service Commission of Indiana, hereinafter referred to as the Commission, asking that the Commis-

sion make and issue an order that public convenience and necessity required that a certificate be granted to it to construct, own and operate an electric distribution system along and across certain public highways and within a certain rectangular tract of ground of about 44 acres situated to the northeast and outside of the corporate limits of the City of Warsaw.

The material allegations of this petition are substantially as follows: that said tract of ground is adjacent to said city; that due to the present housing shortage a portion of this tract is in the process of being improved with dwelling houses; that in order to carry out this development the corporation doing the same will need electrical energy and power and has applied to petitioner for same; that presently there are no persons residing on said tract; that the westerly 132 feet of this territory is platted into 24 lots and two thoroughfares and that it is now proposed to presently subdivide the remainder of this tract and improve the same with homes and residences; that altogether it is proposed to construct approximately 150 homes in the territory in question and it is contemplated and proposed to erect part of these homes within the immediate future; that this territory is in its nature urban rather than rural and its development will tend to create a demand on petitioner for the furnishing of gas and water to this tract; that the development of this tract will result in the ultimate annexation of it to the City of Warsaw; that a portion of this territory is already included in petitioner's Warsaw electrical rate area on file with the Commission, and petitioner is ready, willing and able and offers to extend this rate area to include all of this tract; that appellant, Kosciusko County Rural Electric Membership Corporation, hereinafter referred to in this opinion as REMC, and Indiana Statewide Rural Elec-

tric Cooperative, Inc., hereinafter referred to in this opinion as Statewide, were each formed under the Rural Electric Membership Corporation Act of Indiana, § 55-4401 *et seq.,* Burns' 1933 (Supp.), hereinafter in this opinion referred to as the REMC Act; that the articles of incorporation of each of said corporations include the territory in question wherein the petitioner desires to operate and extend its electric service business; that each of said corporations has refused to give its written consent to petitioner so operating in the territory in question.

In due course appellants appeared to this petition and filed a written motion asking the Commission to dismiss the same upon the ground, among others, that this petition wholly failed to allege that REMC is not ready, willing and able to serve the territory in question as well as, and upon terms and conditions as favorable to the consumer as the petitioner could render such service. The Commission overruled this motion and after hearing the evidence made a purported finding "that the allegations of said petition—are true and that public convenience and necessity require the construction, ownership, operation, management and control, by petitioner—of the electric lines and facilities described in the petition—." Thereupon a certificate of public convenience and necessity in accordance with this purported finding was granted petitioner.

As provided by § 55-4422, Burns' 1933 (Supp.), this action was brought by the appellants to vacate and set aside this order of the Commission granting said certificate. A trial was had which resulted in a decision adverse to these appellants and from this decision this appeal is prosecuted.

Appellants, by proper assignment, have questioned the sufficiency of the evidence to support the decision

in this cause. In the trial of this cause the only evidence which was introduced was the evidence received by the Commission on the hearing held by it which resulted in the order sought to be vacated.

The following facts are not disputed: That appellee NIPSCO is a public utility engaged in the manufacturing and supplying of electrical energy and gas and the supplying of water; that it supplies these commodities to a large territory located in many counties in the northern part of the state including the City of Warsaw; that the territory in question is not within the corporate limits of any town or city and is about two miles distant from the main business center of the City of Warsaw; that at the time this petition was filed the appellants were corporations, as described in the petition, organized under the REMC Act and their articles of incorporation include the territory in question as alleged therein; that said territory was and still is wholly within the territory which the appellant REMC is authorized to serve with electric energy, and is uninhabited, although there are two dwelling houses thereon practically completed and nine others that are under construction; that there are no sewers extending to this territory; that the closest sewer or city water pipe is about four-tenths of a mile therefrom; that REMC is now serving about 2,200 customers in its authorized territory which includes a great deal of territory besides that which is in question; that the territory in question is bounded on the west by a county road and on the north by another county road. Twenty-four lots have been platted and laid out on said tract along the west boundary thereof and appellant REMC has a distributing line along the northern boundary of the tract in question and appellee NIPSCO has a distributing line extending north to a point about 400 feet south of the

southwest corner of the territory in question; that prior to the 'filing of appellee NIPSCO's petition appellants had refused to consent to appellee NIPSCO furnishing and supplying the said territory with electric energy.

The other evidence reviewed by the trial court which is most favorable to the appellees is. to the effect that the territory is being improved and will in the near future be a built-up residential district and urban in its nature; that NIPSCO is ready, willing and able to adequately serve same with electricity if granted a certificate by the Commission and will place this territory in its Warsaw rate district which district has a cheaper rate than can be given by REMC for the territory. Witnesses were also allowed to testify that in their opinion the City of Warsaw would annex this territory after it begins to build up.

Although we cannot weigh the evidence yet this contested order of the Commission must be founded upon facts found by the Commission based upon substantial evidence. *State Board of Medical Registration, etc.,* v. *Scherer* (1943), 221. Ind. 92, 46 N. E. (2d) 602; *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399; *Board of Med. Reg. and Exam.* v. *Moore* (1947), 224 Ind. 621, 70 N. E. (2d) 354.

There was no allegation in the petition nor was there any evidence or finding which would remotely indicate that the appellant REMC is not ready, willing and able to adequately serve all customers in this territory at a reasonable rate when the extension of its service is requested; in fact all the evidence was the other way. This was a necessary item of proof in order to warrant the granting by the Commission of this petition, *Chicago & West Town Rys.* v. *Illinois Commerce Com'n.* (1943), 383 Ill. 20, 48 N. E. (2d) 320;

*Illinois P. & L. Corp.* v. *Commerce Com.* (1926), 320 Ill. 427, 151 N. E. 236, and the burden of establishing these facts by substantial evidence was on the petitioner. *In re Amsterdam J. & G. R. Co.* (1895), 33 N. Y. Supp. 1009, 86 Hun. 578.

It is our opinion that as long as REMC conducts its business in a frugal manner and furnishes adequate service the law forbids competitive service by any other public utility in its territory. *In re Northwestern Indiana Tel. Co.* (1930), 201 Ind. 667, 171 N. E. 65.

There was considerable evidence, as above indicated, as to whether or not this particular district was destined to be in its nature urban or rural which in our opinion is of no consequence. There is no provision in our REMC Act against the appellant REMC furnishing electricity to a community which in its nature is urban provided the same is outside a city or town in excess of 1,500 inhabitants. Nor is there any evidence that REMC could not adequately serve an urban community or that it would be against the public interest for it to do so.

Whether the territory in question will sometime be annexed by the City of Warsaw is merely conjecture. If it should hereafter be annexed there will be ample time after such annexation to decide whether REMC is authorized to serve such territory.

Appellees insist that the evidence upon which the order was made would support the inference that appellee NIPSCO would furnish the service involved to the district in question cheaper than could the appellant REMC. Whether or not in a proper case such fact, if established by substantial evidence, would warrant the

granting of permission to invade REMC's territory we need not decide.

No mention of comparative rates was made in the petition. There was no finding of facts in this case as to rates. Without such a finding to support the order in question we could not uphold this order on account of such evidence, even though we might be of the opinion that this evidence was sufficient. "This court cannot take the place of a jury." *Securities Exchange Com.* v. *Chenery Corp.*, 318 U. S. 80, 63 S. Ct. 454, 87 L. Ed. 626. Section 54-112, Burns' 1933 (Supp.), in defining the duties of the Commission states: "The commission created by this act shall in all controversial proceedings heard by it be an impartial fact-finding body and shall make its orders in such cases *upon the facts impartially found by it.*" (Our italics.) These facts should be found specially and not generally. The findings must be specific enough to enable the court to review intelligently the Commission's decisions. *Atchison, T. & S. F. Ry. Co.* v. *Commerce Commission* (1929), 335 Ill. 624, 167 N. E. 831.

The finding upon which the order herein sought to be vacated is based is in words as follows:

"The Commission having considered said verified petition, the exhibits attached thereto, said verified amendments to the petition, said motion to dismiss the petition, and the evidence adduced in said cause by the petitioner, the public counselor, said Kosciusko County Rural Electric Membership Corporation and said Indiana Statewide Rural Electric Cooperative, Inc., and being sufficiently advised in the premises finds that the allegations of said petition, as amended as aforesaid, are true and that public convenience and necessity require the construction, ownership, operation, management, and control, by petitioner herein, of the electric lines

· and facilities described in the petition and in the exhibits attached thereto."

That portion of the finding which recites that "public convenience and necessity require the construction, etc." is not a finding of fact upon which the order granting a certificate of convenience and necessity could be based. It is simply a conclusion from all the evidence without any special finding of fact upon which the conclusion can be reached. *Chicago Rys. Co.* v. *Commerce Commission* (1929), 336 Ill. 51, 167 N. E. 840. It is also our opinion that the lack of an express finding may not be supplied by implication and reference to the averments of the petition invoking the action of the Commission as was attempted in this order. *Wichita Railroad & L. Co.* v. *Public Utilities Commission,* 260 U. S. 48, 67 L. Ed. 124, 43 S. Ct. 51.

In the last case cited in speaking of an administrative agency such as the appellee Commission, it was said:

"In creating such an administrative agency, the legislature, to prevent its being a pure delegation of legislative power, must enjoin upon it a certain course of procedure and certain rules of decision in the performance of its function. It is a wholesome and necessary principle that such an agency must pursue the procedure and rules enjoined, and show a substantial compliance therewith, to give validity to its action. When, therefore, such an administrative agency is required, as a condition precedent to an order, to make a finding of facts, the validity of the order must rest upon the needed finding. If it is lacking, the order is ineffective."

See also *Securities Exchange Com.* v. *Chenery Corp.,* 332 U. S. 194, 91 L. Ed. 1429, 67 S. Ct 1575

It is next argued by the appellees that the order of the Commission would not constitute an encroachment

or invasion of the rights of the appellants. In our opinion such an order granted by the Commission is an invasion or encroachment on the rights of the appellants if the same is granted arbitrarily upon findings not supported by substantial evidence. Without such evidence such order would be unreasonable as a matter of law. It is true, as appellees claim, that appellant REMC has no monopoly or exclusive right to provide electric service to the territory it is authorized to serve. *Penn. Greyhound Lines* v. *Public Service Comm.* (1940), 217 Ind. 221, 27 N. E. (2d) 348, but in the absence of a competitor armed with a certificate of public convenience and necessity granted by a valid order of the Commission it can hold said territory against all comers even though it had not yet occupied such territory. This is true because subsection (b), (c), and (d) of § 55-4418, Burns' 1933 (Supp.), protects appellants from invasion of the territory by public utilities and other corporations without authority. It has been said "The grantee of a public utility franchise has such a property right as will entitle him to restrain by injunction any person or corporation attempting without authority to exercise such right in competition with him, although the franchise is not exclusive." 23 Am. Jur., *Franchises,* § 39. See also *Warehouse Distributing Corp.* v. *Dixon* (1933), 97 Ind. App. 475, 187 N. E. 217; *Farmers', etc., Tel. Co.* v. *Boswell Tel. Co.* (1918), 187 Ind. 371, 119 N. E. 513; *Illinois Power & Light Corporation* v. *Commerce Commission* (1926), 320 Ill. 427, 151 N. E. 236.

Lastly, the appellees call our attention to § 55-4409, Burns' 1933 (Supp.), being one of the sections of the REMC Act under which REMC is incorporated, as a reason why this judgment should be affirmed. This section is in words as follows:

"The corporate purpose of each corporation formed hereunder shall be to render service to its members only and no person shall become or remain a member of any local district corporation, defined in section 21 (§ 55-4421) hereof, unless such person shall use energy supplied by such corporation and shall have complied with the terms and conditions in respect to membership contained in the by-laws of such corporation."

It is appellees' contention that due to this section of our statutes REMC is not a public utility as this statute confers .on it the right to arbitrarily refuse service to any and all persons within its authorized territory as it may see fit, and that it follows, therefore, that it has no right to any preferred territory or to object to the order herein. Due to this contention we must determine whether REMC is a public utility.

Our Public Service Commission law has defined a public utility, insofar as the heat, light or power business is concerned, as "every corporation . . . . that now or hereafter may own, operate, manage or control . . . . any plant or equipment within the state . . . . for the production, transmission, delivery or furnishing of heat, light . . . . or . . . . power . . . . to or for the public." Acts 1947, ch. 318, § 1, p. 1267.

It will be noticed that the purpose of our REMC Act as provided by § 55-4402, Burns' 1933 (Supp.), is to promote and encourage the fullest possible use of electrical energy and to make such energy available to our rural inhabitants. This act confers upon REMC the general right of eminent domain; the right to serve the district awarded it, and also the right, after proper consent is obtained, to use public highways and maintain works over public lands. This statute also gives the Commission jurisdiction over the fixing of its rates and the approval of its authorized territory. The fact

that the Legislature did grant the power of eminent domain and the right to use the public highways and to monopolize the territory wherein it is authorized to operate, must be considered as an indication that the Legislature considered it was attempting to authorize the creation of a public or *quasi* public enterprise as such powers could not have been conferred for private use. To hold that said § 55-4409, *supra,* confers upon REMC the right to arbitrarily refuse service or to adopt unreasonable by-laws as to membership, is not necessary. By electing to be organized under this act, and by submitting to regulation it must be considered that REMC has devoted its property to a public use and is holding itself out as a public utility. In our opinion the entire purport of the Rural Electric Membership Corporation Act leads to the conclusion that it was for the purpose of affording a means of creating a public utility corporation such as REMC to engage in the electrical energy business, and, as it provides, to encourage the "fullest possible use of electric energy" in its territory.

In Alabama a similar corporation organized under a similar statute was held to be a public utility and it was also decided that their statute limiting service to members only did not limit or restrict the right of any person to become a member and consumer. *Alabama Power Co.* v. *Cullman County Elec. M. Corp.* (1937), 234 Ala. 396, 174 So. 866. It has also been held in the State of Wyoming that a corporation organized under a similar statute is a public utility. *Rural Electric Co.* v. *State Board of Equalization* (1942), 57 Wyo. 451, 120 P. (2d) 741. We recognize, however, that the authorities are not uniform as to whether a corporation such as REMC is a public utility. For a general discussion of this question see 132 A. L. R. 1495 Note.

We think that the better reasoning is, and so hold, that REMC and all like corporations are public utilities.

Judgment reversed and the trial court is hereby ordered to render a finding and judgment vacating the order herein involved of the Public Service Commission of Indiana and is ordered to remand this cause to said Commission for further action not inconsistent with this opinion.

NOTE.—Reported in 77 N. E. (2d) 572.