VOGELGESANG ET AL. *v.* SHACKELFORD ET AL.

[No. 1068A178.  Filed January 12, 1970.]

*Norman R. Newman,* of Indianapolis, for appellants.

*Albert M. Gavit, Daniel E. Johnson, Baker & Daniels,* of Indianapolis, for appellees.

LOWDERMILK, C.J.—This action was a statutory certiorari proceeding for judicial review of a decision of the Metropolitan Board of Zoning Appeals of Marion County, Indiana, Division 4, granting a variance of use for the erection of a commercial building for use as a grocery store on certain real estate owned by appellees Richard L. Shackelford and Georgea Shackelford, located at 4836 East 56th Street, Indianapolis, Indiana. The action was commenced by appellant F. Ross Vogelgesang, Executive Director of the Metropolitan Planning Department of Marion County, Indiana, pursuant to Burns' Ind. Stat. Anno., § 53-974, and thereafter other appellants intervened as interested property owners and remonstrators.

The sole issue before the trial court was to determine the legality of the decision of the Metropolitan Board of Zoning Appeals of Marion County, Indiana, Division 4, on the facts set forth in the Return to the Writ of Certiorari and the supplemental evidence introduced in the trial of the cause, all as provided in Burns' Ind. Stat. Anno., § 53-979.

Trial was had before the court upon appellant Vogelgesang's said petition for a writ of certiorari, the appellee's verified return thereto containing the originals of all papers, pleadings and documents filed with or introduced before the Board of Zoning Appeals and all proceedings in connection with appellee's variance petition. Supplemental evidence was heard, pursuant to appellee's motion therefor.

The court thereafter entered its findings of fact, conclusions of law and judgment thereon, affirming the decision of the Board of Zoning Appeals and thereby confirmed the grant of variance.

The findings of fact, conclusions of law and judgment (omitting caption, formal parts and description of real estate) read as follows, to-wit:

"This matter was heard on the 18th day of June, 1968, upon the verified petition for writ of certiorari filed herein by F. Ross Vogelgesang, Executive Director of the Metropolitan Planning Department of Marion County, Indiana.

"And the Court having examined the verified return to the writ of certiorari and having duly considered certain supplemental evidence introduced by the parties hereto, makes the following findings of fact and conclusions of law thereon:

"1. The defendants Richard L. Shackelford and Georgea Shackelford are the owners of the property in dispute. Such real estate is vacant and is described as follows:

(H. I.)

Such real estate is zoned D-2 under the Dwelling District Zoning Ordinance of Marion County, Indiana, and such classification restricts the use of such real estate to use for single-family dwelling purposes.

"2. On the 9th day of January, 1968, such defendants, in Cause No. 67-V4-241, were granted variances to permit the construction and operation of a convenience food store upon the above described real estate by the Metropolitan Board of Zoning Appeals, Division IV. Such case was originally heard at an earlier meeting of such Board of Zoning Appeals held December 12, 1967, at which meeting a tie vote on the requested variances resulted in a continuance of the hearing of such case until the meeting held January 9, 1968.

"3. Following the granting of such variances, F. Ross Vogelgesang, Executive Director of the Metropolitan Planning Department of Marion County, Indiana, filed with this Court his verified petition for writ of certiorari. On February 7, 1968, the Court entered its order allowing the remaining plaintiffs in this case to intervene.

"4. At the meeting of such Board of Zoning Appeals held January 9, 1968, said Board of Zoning Appeals made the following written determination with respect to the variances granted.

'1. The grant will not be injurious to the public health, safety, morals, and general welfare of the community.

'2. The use or value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner.

'3. The need for the variance arises from some condition peculiar to the property involved and such condition is not due to the general conditions of the neighborhood.

'4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which the variance is sought.

'5. The grant of the variance does not interfere substantially with the metropolitan comprehensive plan.'

"5. There was sufficient evidence before such Board of Zoning Appeals to support the above described written determination.

"6. The rules and procedure of the Metropolitan Board of Zoning Appeals provide that a petitioner for a variance shall mail notice of the hearing on the request to adjoining landowners, by registered or certified mail, at least 15 days prior to the date of the hearing. Such rules further provide for the filing of a verified proof of such mailing, such proof to be filed with the Board not less than 15 days prior to the meeting at which the case is to be heard. In the present case, said verified proof of mailing, reciting the mailing of such notices more than 15 days prior to the date of the first hearing of this case on December 12, 1967, was filed with the Board of Zoning Appeals 13 days prior to December 12, 1967. It was filed more than a month prior to the hearing on January 9, 1968, at which the case was heard again and the variances in question were granted. No objection was made at either of such meetings of the Board of Zoning Appeals concerning the time of filing of such proof of service. Neither the plaintiff in this case nor any of the intervening petitioners has alleged or shown that he was in any manner prejudiced by the failure to file such proof of service at least 15 days before said hearing on December 12, 1968. There has been no allegation or showing that any person who was to receive notice of such hearing under the rules of said Board of Zoning Appeals failed to get proper notice of such proceedings.

"7. No variances were granted by said Board of Zoning Appeals other than variances requested in the verified petition filed with said Board of Zoning Appeals by the defendants Richard L. Shackelford and Georgea Shackelford.

"8. The evidence and facts in this case are with the defendants and against the plaintiff and the intervening petitioners, and the construction and operation of said convenience food store in accordance with the variances granted by said Board of Zoning Appeals should be permitted.

"And, as conclusions of law upon the facts above found, the Court concludes:

"1. Such decision of the Metropolitan Board of Zoning Appeals, Division IV, is not illegal, either in whole or in part.

"2. The law in this case is with the defendants and against the plaintiff and the intervening petitioners, and the construction and operation of such convenience food store in accordance with the variances granted by the Metropolitan Board of Zoning Appeals, Division IV, should be permitted.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the decision of the Metropolitan Board of Zoning Appeals, Division IV, appeal[ed] from in this action is legal and proper, and such decision is hereby wholly confirmed, and it is further ORDERED and DECREED that the plaintiff and the intervening petitioners to pay the cost herein."

Appellants raised the question that the original petition for variance had been amended without the amendment being authenticated and to this question the trial court determined, and we think correctly so, that the so-called amendments were notes of a clerk of the Zoning Board, for the convenience of the Zoning Board only, and not an amendment of the petition.

Appellants next contend that the verified proof of mailing of notices showed that the first hearing was less than 15 days, when the requirement of notice was a full 15 days. The trial court adequately covered this proposition in special finding number 6, *supra,* and in which the court showed that actually the petition was filed more than a month before the date of the hearing and further, no objection was filed thereto, and that all interested parties were notified. It is the opinion of this court that the notice was adequate and that any objec-

tion thereto was waived by the parties in their appearance. Certainly, no one was prejudiced in any manner by the failure to file such proof of service at least 15 days before the hearing date on December 12, 1968.

The trial court, in its special finding of fact number 4, said:

"4. At the meeting of such Board of Zoning Appeals held January 9, 1968, said Board of Zoning Appeals made the following written determination with respect to the variances granted.

'1. The grant will not be injurious to the public health, safety, morals, and general welfare of the community.

'2. The use or value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner.

'3. The need for the variance arises from some condition peculiar to the property involved and such condition is not due to the general conditions of the neighborhood.

'4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which the variance is sought.

'5. The grant of the variance does not interfere substantially with the metropolitan comprehensive plan.' "

and special finding number 5 said:

"5. There was sufficient evidence before such Board of Zoning Appeals to support the above described written determination."

Appellees contend that the appellants, for the first time, in an amendment to their brief filed in this court on May 28, 1969, raised the question that the Zoning Board's special findings of fact which copied the language of the statute on the five findings hereinabove referred to was inadequate to raise any question for review by this court. With this contention we cannot agree, as the original petition for writ of certiorari, filed in the Superior Court, in specification 5, set this very matter out with the allegation that the decision of the M.B.Z.A. is arbitrary, illegal, capricious, and contrary to law. The trial court then passed on rhetorical paragraph 5 of

the petition, setting out said #5 of the special findings as set out in the statute.

Appellees next contend that this question was not raised in the motion for new trial in the trial court, nor was it raised in the assignment of errors filed in this court. With these contentions we cannot agree.

We will set out only the portions of the motion for new trial that are pertinent to this appeal, and are as follows:

"1. The decision of the Court is not sustained by sufficient evidence.

"2. The finding of the Court is not sustained by sufficient evidence.

"3. The decision of the Court is contrary to law.

"4. The finding of the Court is contrary to law.

"5. The Court's Special Finding of Fact No. 5 is not sustained by sufficient evidence.

"6. The Court's Special Finding of Fact No. 5 is contrary to law."

\* \* \*

"MEMORANDUM

"The decision and finding of the Court and the Court's several Special Findings of Fact and Conclusions of Law are not sustained by sufficient evidence and are contrary to law in the following particulars:

"1. There is no substantial evidence of probative value introduced by the Respondents, either before the Metropolitan Board of Zoning Appeals, Division IV, or this Court, to prove the five essential statutory elements required to be determined by the Board of Zoning Appeals before a variance may be granted, pursuant to Burns Indiana Statutes Annotated, § 53-969. Respondents introduced no substantial evidence of probative value, either before the Board of Zoning Appeals or this Court, to prove the following facts as determined by the Board of Zoning Appeals and affirmed by this Court, to-wit:

"1. The grant will not be injurious to the public health, safety, morals, and general welfare of the community.

"2. The use or value of the area adjacent to the prop-

erty included in the variance will not be affected in a substantially adverse manner.

"3. The need for the variance arises from some condition peculiar to the property involved and such condition is not due to the general conditions of the neighborhood.

"4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which the variance is sought.

"5. The grant of the variance does not interfere substantially with the metropolitan comprehensive plan.

"In the hearing before the Board of Zoning Appeals Respondents introduced no evidence of probative value to show that the grant of variance would not be injurious to the public health, safety, morals and general welfare of the community. The Respondents introduced no evidence whatsoever before the Board of Zoning Appeals to show that the use or value of the area adjacent to the property included in the variance would not be affected in a substantially adverse manner; nor did Respondents introduce any evidence whatsoever to show that the need for variance arises from some condition peculiar to the property involved and that such condition is not due to the general conditions of the neighborhood; nor did Respondents introduce any evidence whatsoever to show that the strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which the variance is sought. Finally, not only did Respondents fail to introduce any evidence that the grant of variance would not interfere substantially with the metropolitan comprehensive plan, but to the contrary, evidence was presented to the Board of Zoning Appeals to show that the grant of variance *would* interfere substantially with the metropolitan comprehensive plan, in that the use proposed by Respondents under the variance would deviate substantially from the residential classification and standards of the neighborhood. The parties also stipulated into evidence the staff report and comments of the Metropolitan Plan Commission which strongly opposed this variance.

"In particular, the Court's Special Finding of Fact No. 5, wherein the Court finds that there was sufficient evidence before the Board of Zoning Appeals to support a determination that the five statutory elements existed, is not sustained by sufficient evidence since no substantial evidence of any probative value was introduced to support any of the five

statutory findings. In view of the total absence of evidence to show that the variance granted satisfied the five statutory requirements, the Court's finding and decision is also contrary to law. In order to obtain a variance, the applicant must prove the existence of the five statutory requirements by substantial evidence of probative value. Failure to prove even one of the five requirements should result in denial of the variance requested. *Marion County Board of Zoning Appeals* v. *Sheffer & Clark* (1966), 139 Ind. App. 451, 220 N. E. 2d 542; *Board of Zoning Appeals of Indianapolis* v. *American Fletcher National Bank* (1965), 139 Ind. App. 9, 205 N. E. 2d 322.

"2. There is no substantial evidence of probative value to show that Respondents complied with the notice requirements of the Metropolitan Board of Zoning Appeals in connection with such variance proceedings. In particular, the evidence clearly shows that the Affidavit of Notice required to be filed with the Board at least fifteen days prior to the hearing date was not filed until thirteen days prior to the date of hearing. Clear and uncontroverted testimony by Witnesses Earl Franke, Secretary of the Metropolitan Board of Zoning Appeals, and Vivian Lasley, an employee of the Metropolitan Planning Department, reflects that the required Affidavit of Notice was not filed until thirteen days prior to the date of hearing on Respondents' variance application. Accordingly, the Court's Special Finding of Fact No. 6 is not sustained by sufficient evidence, in that the evidence is in direct conflict with such finding and wholly fails to support the same. In view of the evidence introduced by Petitioner herein, the finding and decision of the Court is also contrary to law. The finding and decision is also contrary to law in that the Court approved the granting of variances based upon an improperly filed affidavit of notice.

"3. There is substantial evidence of probative value to show that certain variances were granted to Respondents by the Board of Zoning Appeals in addition to those expressly requested in the verified petition filed by Respondents. The evidence shows that Respondents did not expressly request variances of setback and rear yard requirements in their application filed with the Board of Zoning Appeals, however, such variances were granted by the Board. Here again, the testimony of Witnesses Franke and Lasley clearly shows that interlineations were made on the variance petition after it was filed, and without veri-

fication thereof. The variance petition itself was brought into Court as part of the return to the writ of certiorari and it clearly reflects that Respondents were originally requesting only use and sign variances, however, by subsequent interlineation, an attempt was made to improperly amend the variance petition to request additional variances not originally requested in the typewritten form. All such variances were subsequently granted. Accordingly, Special Finding of Fact No. 7 clearly is not sustained by sufficient evidence and is contrary to law. The uncontroverted evidence shows that additional variances, other than those expressly requested in the verified petition for variance filed with the Board of Zoning Appeals were granted by the Board. Such finding and decision is also contrary to law in that the Court affirmed the granting of certain variances which were not expressly requested in Respondents' petition for variance or included in the notice of hearing."

It is a fact that appellants did not specifically set out that the court's special finding of fact number 4 was not sustained by sufficient evidence and was contrary to law.

We are cognizant of Rule 1-14B New Trial—Memorandum, requiring that when a new trial is requested on the ground or grounds " 'that the verdict or decision is not sustained by sufficient evidence or is contrary to law' " the moving party shall file a memorandum stating specifically under such itemized cause wherein the evidence is insufficient or the verdict or decision is contrary to law; and the party filing such motion shall be deemed to have waived any ground not specified in the memorandum.

Appellants adequately saved their question in their memorandum in the motion for new trial, *supra,* and, more specifically, in the first paragraph of the memorandum in specification 1, wherein they set out the five statutory requirements to be found. The appellants definitely challenged the special findings, and each of them, and the conclusions of law, and each of them, as a whole in their motion for new trial and the same is sufficient.

In the case of *Larson* v. *Smitley* (1967), 141 Ind. App. 363,

228 N. E. 2d 31, the assigned error on appeal was the overruling of appellant's motion for a new trial. In this, it was alleged:

> "1. That the decision of the Court in its special findings of fact is not sustained by sufficient evidence and the decision of the Court is contrary to law as regards paragraph 1, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32 and 33 thereof. * * *"

The court further said that the hereinabove set out portions of the motion for new trial, by Cause 1, setting out the special findings of fact by number thereof "are separately challenged as '* * * not being sustained by sufficient evidence and the decision of the court is contrary to law. * * *' However, the Motion for New Trial did not challenge the special findings of fact as a whole. Therefore, the Appellant's specification No. 1 of his Motion for a New Trial presents nothing for our consideration on appeal. Such purported causes for a new trial are not authorized by our statute."

In the concurring opinion it was further said:

> " 'Special findings of fact cannot be separately challenged in the motion for a new trial but must be challenged as a whole.' 2 Wiltrout, Ind. Civ. Pract., § 1768, ch. 78, p. 528.
>
> * * *

> "This court, in the *Pence* case, at page 222 of 106 Ind. App., at page 959 of 18 N. E. 2d, stated that '[b]y causes numbered 1, 2, 3, 5, 6 and 7 of said motion, special findings numbered 4, 10, 13, 15, 16 and 20 of the special finding of facts are separately challenged in this respect, but not the special finding as a whole. Such purported causes for a new trial are not authorized by our statute, and present nothing for consideration on appeal.' "

We would next pass on the question of the sufficiency of the assignment of errors filed in this court.

Appellants' assignment of errors, omitting the formal parts thereof, reads as follows:

"Appellants aver that there is manifest error in the judgment and proceedings in this case, which is prejudicial to Appellants, in this:

"1. The Court erred in overruling Appellants' Motion for New Trial."

Supreme Court Rule 2-6. Assignments of Errors and Cross-Errors, reads in part, as follows:

"In all cases in which a motion for a new trial is the appropriate procedure preliminary to an appeal, such motion shall be filed and shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing of such motion, and an assignment of error on appeal to the effect that the trial court erred in overruling said motion shall be the only means of raising said asserted errors on appeal. In all other cases and in cases of asserted errors arising subsequent to the filing of the motion for a new trial, such asserted errors may be assigned independently. Amended June 28, 1960. Effective September 1, 1960, and shall apply only to cases filed on or after such effective date."

We believe that the assignment of errors was adequate and properly raised the question.

This court and the Supreme Court of this State, prior to March 19, 1969, have held that the zoning board's special finding of fact which copied the language of the statute on the five findings above referred to were sufficient findings for the review court to pass upon. That is what the M.B.Z.A. and the trial court did in this case and under construction of the law at the time the trial court ruled in this cause the ruling was correct and should be affirmed on appeal. However, our Supreme Court, in an opinion by Judge DeBruler, handed down March 19, 1969, in the case of *Carlton* v. *Board of Zoning Appeals* (1969), 252 Ind. 56, 245 N. E. 2d 337, 16 Ind. Dec. 704, in a case where the special findings of the Board of Zoning Appeals followed the words of the statute, said:

"According to the statute the required determinations were not themselves the detailed written findings of fact, but the latter were to be *in addition to* and *in support of* the required determinations. Those forms cannot function as *both* the determinations *and* the supporting written findings of fact. That they were not intended to so function is seen from the fact that the forms were designed to have the supporting findings of fact inserted in the blank after the word 'because'."

The court, speaking further, said:

"The five written determinations required by the pre-1965 statute were retained in almost identical language but many other provisions were deleted, including the requirement of detailed written findings of fact to support the five determinations. *This does not mean that the Board may grant a variance merely by making the five statutory requirements in the words of the statute itself. For reasons which exist independently of the statute, the Board is required to set out findings of fact which support those determinations. The major reason for this is to make possible an adequate judicial review of the administrative decision.* In *Kosciusko County REMC* v. *Public Service Commission* (1948), 225 Ind. 666, 77 N. E. 2d 572, on review of an order of the Commission, this Court said, 'These facts should be found specially and not generally. The findings must be specific enough to enable the court to review intelligently the Commission's decision.' 225 Ind. at 674, 77 N. E. 2d at 575. In the case of *Wabash Valley Coach Co.* v. *Arrow Coach Lines, Inc.* (1950), 228 Ind. 609, 94 N. E. 2d 753, we said:

" 'The finding that a certificate of public convenience and necessity should be granted is simply a conclusion from all the evidence without any special finding of fact upon which the conclusion can be reached. The Public Service Commission should find the ultimate facts specifically and not generally. The findings of fact must be specific enough to enable the court to review intelligently the Commission's decision. *Kosciusko County, etc.* v. *Public Service Comm., supra.'*

Also see *Public Service Commission* v. *Fort Wayne Union Ry. Co.* (1953), 232 Ind. 82, 111 N. E. 2d 719; *Indianapolis*

*and Southern Motor Express, Inc.* v. *Public Service Commission* (1953), 232 Ind. 377, 112 N. E. 2d 864. Although these cases deal with orders of the Public Service Commission the principle applies to any case of judicial review of administrative decisions.

\* \* \*

"Under Burns §§ 53-974 through 53-979, a Board of Zoning Appeals' decision on a petition for a variance is subject to judicial review, first in the superior or circuit court in the county in which the board is located and that court's decision is in turn reviewable in the Appellate Court under Burns § 53-980. Those statutes state the review is in order to determine whether or not the board's decision is 'legal.' The board will not be reversed unless there is a clear showing of abuse of discretion, or a lack of substantial evidence to support the decision, or the board has made an error of law. [citing cases.] However, the court cannot determine if there was an abuse of discretion or lack of substantial evidence unless the basis of the decision is set out in writing. So under Indiana law, apart from Burns § 53-969, in order for such judicial review to be done adequately the Board of Zoning Appeals has to set out written findings of fact in support of each of its five statutory determinations.

"There are other equally important reasons for requiring those findings of fact and these are concisely stated by Davis, ADMIN. LAW, § 162:

" 'The practical reasons for requiring administrative findings are impressive. Both legislatures and courts have seen fit to impose the requirement the court sometimes interpreting or purporting to interpret statutory provisions and sometimes creating common law. The reasons have to do with facilitating judicial review, avoiding of judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their case for rehearing and judicial review, and keeping agencies within their jurisdiction.' "

Appellant, by permission of the court granted, filed his amended brief on May 28, 1969, further challenging the sufficiency of the trial court's special findings of fact under the ruling of our Supreme Court in the case of *Carlton* v. *Board of Zoning Appeals, supra*.

This court then remanded this cause to the trial court with instructions to vacate and set aside its judgment heretofore rendered and to remand the same to the M.B.Z.A. with such orders as the court deems proper and for finding upon the five material ultimate facts as found by the M.B.Z.A. which shall then be filed with the trial court. The trial court was further ordered to then render its judgment in compliance with the requirements set out in the *Carlton* case and such new findings and order of the M.B.Z.A. and of the trial court were ordered certified to the clerk of this court.

This order was fully and timely carried out and the following certification was filed with the court by the clerk of this court, of which the pertinent parts are as follows, to-wit:

### FINDINGS OF FACT

"The variances in this case were granted by this Division of the Metropolitan Board of Zoning Appeals of Marion County (hereinafter called the 'Board') on January 9, 1968. Since that date, the matter has been in litigation. On June 28, 1968, the Judge of the Superior Court of Marion County, Room 5, in Cause No. S568-73, made findings of fact and entered a judgment sustaining the action of the Board in granting the variances. The decision was appealed to the Appellate Court of Indiana and was docketed in that court as Cause No. 1068-A-178. On September 10, 1969, the Appellate Court of Indiana entered an order mandating the Superior Court of Marion County, Room 5, to vacate its judgment and to remand the case to this Board for findings of fact to support the five ultimate facts previously found by the Board. The case has been so remanded and the matter is now before the Board for the purpose of making the findings required by the Appellate Court of Indiana.

"The Board, having before it the transcript in the appeal of this case to the Appellate Court of Indiana, including the return to the writ of certiorari previously made by this Board to the Superior Court of Marion County, Room 5, being duly advised in the premises, now makes the following findings of fact to support the findings of ultimate facts previously made by it. In each case, the finding of ultimate

fact is set out and is immediately followed by findings supporting the ultimate finding.

"1. *The grant will not be injurious to the public health, safety, morals and general welfare of the community.* The proposed use is a small convenience food store on a .44-acre tract on the north side of East 56th Street in Marion County, Indiana. Off-street parking is included in the plans for the project. The Board of Health has approved the proposed sewage disposal system, and natural drainage will lead storm water to a storm sewer. The small store will not generate additional heavy traffic in the area.

"2. *The use or value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner.* All adjoining real estate is either (a) vacant real estate owned by the petitioner Richard Shackelford, or (b) improved real estate presently devoted to commercial uses. Except for a gasoline service station located at the northwest corner of 56th Street and Emerson Way, Mr. Shackelford owns the entire block located at this northwest corner. His ownership includes approximately seven acres. The .44-acre tract is a part of this seven acres and is adjacent to the gasoline service station at the corner. There are homes lying to the west and north of the seven-acre tract, but they are a substantial distance away from the site of the proposed convenience food store. One of those homes belongs to Mr. Robert Herman, the only remonstrator from the neighborhood who appeared at the hearing and spoke against the variances. This home is approximately 300 feet west of the .44-acre tract and is shielded in part from a view of the proposed store by a grove of trees lying between the house and the proposed store. Herman's home will be further shielded by a redwood fence which is to be erected along the west line of the variance property.

"The balance of the Shackelford real estate is zoned D-2 under the Dwelling District Zoning Ordinance of Marion County, Indiana, which is part of the comprehensive or master plan of Marion County, Indiana. This balance is sufficiently large to afford an effective buffer zone between the commercial area at 56th Street and Emerson Way and the residential area lying west and north of the Shackelford real estate. The D-2 zoning classification restricts the use of this buffer area to one- and two-family dwellings, with two-family dwellings being permitted on corner lots only.

"3. *The need for the variance arises from some condi-*

*tion peculiar to the property involved and such condition is not due to the general condition of the neighborhood.* This real estate is unimproved and is zoned D-2 under the Dwelling District Zoning Ordinance. The location of the parcel is unique. It is on a major thoroughfare and is adjacent to a gasoline service station on the east and a riding stable on the south. These factors render the site as a most unsuitable site for the single-family residential use for which it is zoned. The owner must, in the absence of relief from the Board of Zoning Appeals, retain and pay taxes on vacant real estate which cannot be used.

"4. *The strict appliance of the terms of the ordinance will constitute an unusual and an unnecessary hardship if applied to the property for which the variance is granted.* This finding is supported by the same facts summarized above under the third general finding. This property cannot reasonably be put to the conforming use specified by the ordinance, namely, a single-family dwelling. Additional factors which prevent a conforming use are the existence of a major thoroughfare only a few feet to the east, and the existence of additional commercial uses in all four quadrants of this intersection, including, in addition to the gasoline service station and riding stable mentioned above, other gasoline service stations, a garden shop, a furniture store and a shopping center.

"5. *The grant of the variance does not interfere substantially with the Metropolitan Comprehensive Plan.* This intersection is already developed as a commercial area and more commercial uses in the immediate area are not only proposed but approved by the Staff of the Metropolitan Planning Department. The .44-acre tract in question is adjacent to the existing commercial area and is an appropriate and logical addition to that area. The proposed use will not constitute an encroachment on the residential areas to the west and north. It is not necessary to devote the entire seven acres owned by Shackelford as a buffer zone for these areas. Ample real estate remains for that purpose. Therefore, the petitioner's proposed use, due to its compatible character and limited size, as so buffered, will not be a substantial or significant deviation from the Metropolitan Comprehensive Plan."

"FINDINGS OF FACT, CONCLUSIONS OF LAW
AND ORDER REINSTATING JUDGMENT VACATED
PURSUANT TO ORDER OF APPELLATE COURT
OF INDIANA

"This matter was heard by this Court on the 18th day of June, 1968, upon the verified petition for writ of certiorari filed herein by F. Ross Vogelgesang, Executive Director of the Metropolitan Planning Department of Marion County, Indiana.

"On June 28, 1968, this Court, having examined the verified return to the writ of certiorari filed herein and having duly considered certain supplemental evidence introduced by the parties hereto, made certain findings of fact and conclusions of law thereon and entered its judgment in favor of the defendants.

"Thereafter, under date of September 10, 1969, the Appellate Court of Indiana, in an appeal from such decision of this Court docketed as Cause No. 1068 A 178, entered an order, a copy of which was duly certified by the Clerk of such court to the Clerk of this Court, directing this Court to vacate its judgment and to remand the case to the Metropolitan Board of Zoning Appeals of Marion County, Division IV, for findings upon the five material ultimate facts previously found by the Board. On September 30, 1969, this Court entered such an order and remanded the case to the Metropolitan Board of Zoning Appeals for further proceedings consistent with such order of the Appellate Court of Indiana and the Supreme Court of Indiana in the case of *Carlton* v. *Board of Zoning Appeals* (Ind. 1969), 245 N. E. 2d 337.

"On November 13, 1969, the Metropolitan Board of Zoning Appeals made the findings requested in the order of the Appellate Court of Indiana. A copy of such findings, certified by the Secretary of such Board, has been filed with this Court.

"And the Court, being duly advised in the premises, now makes the following findings of fact and conclusions of law thereon. Except for findings 5(a) and 5(b), which findings are made with respect to the findings of fact made by such Board of Zoning Appeals on November 13, 1969, the findings and conclusions now made are identical to the findings and conclusions made by this Court at the time it rendered its judgment herein on June 28, 1968.

"1.    *  *  *

"2.   * * *

"3.   * * *

"4.   * * *

"5.   * * *

"5.(a)   At the meeting of such Board of Zoning Appeals held November 13, 1969, such Board, pursuant to the above described order of the Appellate Court of Indiana and the subsequent order of this Court, having before it the transcript in the appeal of this case to the Appellate Court of Indiana, including the return to the writ of certiorari previously made by such Board to this Court, made the following findings of fact to support the five findings of ultimate fact set out above in paragraph 4 of these findings. The findings of ultimate fact and the facts found by the Board to support such ultimate findings are as follows:

"1.   * * *

"2.   * * *

"3.   * * *

"4.   * * *

"5.   * * *

"5.(b)   There was sufficient evidence before such Board of Zoning Appeals to support the above described findings of fact made by it at such meeting held November 19, 1969.

"6.   The rules and procedure of the Metropolitan Board of Zoning Appeals provide that a petitioner for a variance shall mail notice of the hearing on the request to adjoining landowners, by registered or certified mail, at least 15 days prior to the date of the hearing. Such rules further provide for the filing of a verified proof of such mailing, such proof to be filed with the Board not less than 15 days prior to the meeting at which the case is to be heard. In the present case, said verified proof of mailing, reciting the mailing of such notices more than 15 days prior to the date of the first hearing of this case on December 12, 1967, was filed with the Board of Zoning Appeals 13 days prior to December 12, 1967. It was filed more than a month prior to the hearing on January 9, 1968, at which the case was heard again and the variances in question were granted. No objection was made at either of such meetings of the Board of Zoning Appeals concerning the time of filing of such proof of service. Neither the plaintiff in this case nor any of the intervening petitioners has alleged or shown that he was in

any manner prejudiced by the failure to file such proof of service at least 15 days before said hearing on December 12, 1968. There has been no allegation or showing that any person who was to receive notice of such hearing under the rules of said Board of Zoning Appeals failed to get proper notice of such proceeding.

"7. No variances were granted by said Board of Zoning Appeals other than variances requested in the verified petition filed with said Board of Zoning Appeals by the defendants Richard L. Shackelford and Georgea Shackelford.

"8. The evidence and facts in this case are with the defendants and against the plaintiff and the intervening petitioners, and the construction and operation of said convenience food store in accordance with the variances granted by said Board of Zoning Appeals should be permitted.

"And, as conclusions of law upon the facts above found, the Court concludes:

"1. Such decision of the Metropolitan Board of Zoning Appeals, Division IV, is not illegal, either in whole or in part.

"2. The law in this case is with the defendants and against the plaintiff and the intervening petitioners, and the construction and operation of such convenience food store in accordance with the variances granted by the Metropolitan Board of Zoning Appeals, Division IV, should be permitted.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the decision of the Metropolitan Board of Zoning Appeals, Division IV, appealed from in this action is legal and proper; that such decision is hereby wholly confirmed; and that the judgment in this case heretofore vacated pursuant to such order of the Appellate Court of Indiana be, and it is hereby, reinstated. It is further ORDERED and DECREED that the plaintiff and the intervening petitioners pay the cost herein. It is further ORDERED and DECREED that the Clerk of this Court certify a copy of each of the following to the Clerk of the Appellate Court of Indiana so that they may become a part of the record of this case on appeal, being Cause Number 1068 A 178 in the Appellate Court of Indiana:

"(a) The above described order of this Court entered September 30, 1969.

"(b) The above described certified copy of the findings of fact made by the Metropolitan Board of Zoning Appeals

of Marion County, Indiana, Division IV, at the meeting of such Board held November 13, 1969.

"(c) This order, including the findings and conclusions of law set out above.

"Entered this 4th day of December, 1969."

We shall now consider the evidence in this cause to determine its sufficiency and also to determine whether the decision and finding of the court is contrary to law.

The court, in passing on the sufficiency of the evidence on an appeal from an administrative board, has a different rule than passing on the same problem in an appeal from a trial court The case of *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N E. 2d 399, said:

"The question of the sufficiency of the evidence to support an administrative order does not depend upon whether such evidence was received in conformity with the rules applicable to proceedings in courts; nor will the reviewing tribunal weigh conflicting evidence; enter into the field of determining the credibility of the witnesses; or consider an exercise of discretion, in the absence of a showing of an abuse thereof. These matters are the peculiar responsibility of the hearing agency. In the final analysis, the finding of an administrative agency will not be disturbed when it is subjected to the scrutiny of a judicial review, upon the claim that it is not supported by the evidence, unless it is made to appear that the finding does not rest upon a substantial factual foundation. This may be determined from a re-examination of the evidence upon which the administrative agency acted, or by the original reviewing court hearing evidence, depending upon the legislative scheme under which the agency operates.

"In ascertaining whether the finding of the administrative agency meets the requirement of due process, the court will look to the substance rather than the form. The mode by which the facts were found will be regarded as a means rather than an end, and the finding will not be set aside because the agency did not conform to the court-made formulas of proof. If, however, it should be made to appear that the evidence upon which the agency acted was devoid of probative value; that the quantum of legitimate evidence was so proportionately meagre as to lead to the conviction

that the finding does not rest upon a rational basis; or that the result of the hearing must have been substantially influenced by improper considerations, the order will be set aside, not because incompetent evidence was admitted, but rather because the proof, taken as a whole, does not support the conclusion reached."

In the case of *Williamson Co. v. Review Bd. of Indiana Emp. Sec. Div.* (1969), 145 Ind. App. 266, 250 N. E. 2d 612, Judge Hoffman of this court set out the standards for judicial review of decisions of administrative tribunals, stating that such standards for judicial review of administrative tribunals apply uniformly to all administrative agencies, unless a different standard is required by statute.

The court said:

"A rather basic premise of review is that this Court is not at liberty to weigh the evidence and that we must accept the facts as found by the particular Board involved. This premise applies to findings of the Review Board of the Indiana Employment Security Division."

This premise applies to findings of the Metropolitan Board of Zoning Appeals.

"There are hundreds of cases containing the statement that the weight of the evidence and the credibility of the witnesses are for the trial court or jury, not the reviewing court, to determine. . . . This rule is applicable also in reviews of decisions of administrative tribunals, as where the finding of the tribunal is supported by evidence of probative value, the finding is binding on the Appellate Court." 3 Wiltrout, Ind. Civ. Pract., § 2786, ch. 103, pp. 484, 485.

The court in the *Williamson Co.* case, quotes the last sentence of the second paragraph from this court's quote in the case of *Warren v. Indiana Telephone Co., supra.* And the court speaking further, says:

"Two further exceptions were noted by Judge Arterburn, speaking for our Supreme Court in *Mann v. City of Terre Haute, et al.,* 240 Ind. 245, 249, 163 N. E. 2d 577, 579 (1960) :

" 'This does not mean that the courts will review the administrative action of any board, commission or governmental corporation for the purpose of substituting its opinion or judgment for that of the board in discretionary matters within the jurisdiction of such an administrative body. The courts will, however, review the proceedings to determine whether procedural requirements have been followed and if there is any substantial evidence to support the finding and order of such a board. The courts will also review the proceedings to determine whether or not the order of the board, its judgment or finding, is fraudulent, unreasonable or arbitrary, if requested.'

"In *Nordhoff* v. *Rev. Bd., Ind. Emp. Sec. Div. et al.*, 129 Ind. App. 378, 383, 156 N. E. 2d 787, 789 (1959), this Court, citing *Egbert* v. *Egbert et al.*, 226 Ind. 346, 352, 80 N. E. 2d 104 (1948), noted that while, 'The board * * * is not held to conformity to "common law or statutory rules of evidence and other technical rules of procedure" (Burns' Sec. 52-1542e, 1951 Replacement) * * * we do not think such liberality bestows on the board the right to ignore competent evidence.'

"The *Nordhoff* case was reversed and remanded since it appeared that the Board had, in fact, ignored competent evidence.

"Finally, this Court has said, as an exception to the general rule, that if reasonable men would be bound to reach the opposite conclusion from the evidence in the record, the decision of the Board may be reversed. [Citing cases.]

"Each of these exceptions, if established by the appellant in a given case, can provide the basis for reversal of the decision of the Review Board. For purposes of clarification, we shall restate these exceptions:

"The reviewing court may reverse the decision of the Review Board if:

" (1)   The evidence on which the Review Board based its conclusion was devoid of probative value;

" (2)   The quantum of legitimate evidence was so proportionately meager as to lead to the conviction that the finding does not rest upon a rational basis;

" (3)   The result of the hearing before the Review Board was substantially influenced by improper considerations;

" (4)   There was no substantial evidence supporting the conclusions of the Review Board;

"(5) The order of the Review Board, its judgment or finding, is fraudulent, unreasonable or arbitrary;

"(6) The Review Board ignored competent evidence;

"(7) Reasonable men would be bound to reach the opposite conclusion from the evidence in the record.

\* \* \*"

The appellants herein have chosen to specify as error three of the foregoing exceptions to the general rule, namely:

(1) The evidence on which the Review Board based its conclusion was devoid of probative value;

(4) There was no substantial evidence supporting the conclusions of the Review Board;

(7) Reasonable men would be bound to reach the opposite conclusion from the evidence in the record.

In *Hunnicutt* v. *Boughner* (1967), 141 Ind. App. 669, 231 N. E. 2d 159, the court said:

"Evidence sufficient to sustain a judgment must be substantial evidence with probative value.

"By probative value we mean evidence 'carrying quality of proof and having fitness to induce conviction.' ".

See, also: *Haney* v. *Meyer* (1966), 139 Ind. App. 663, 215 N. E. 2d 886; *Kelly* v. *Davidson, et al.* (1959), 129 Ind. App. 384, 154 N. E. 2d 888; *Vonville* v. *Dexter* (1948), 118 Ind. App. 187, 77 N. E. 2d 759.

We have examined the findings and conclusions of the trial court in view of these definitions and have examined the evidence supporting those findings and conclusions as set out in the special findings of fact as found by the M.B.Z.A. and also as found by the trial court in order to determine if it was substantial evidence of probative value and find that the same satisfied the test of substantial evidence of probative value pursuant to the definitions above set out.

Following the tests above set out we also find that there was adequate substantial evidence to support the conclusions of the trial court; that the record shows the findings rest

upon a substantial factual foundation; that under specification number 7 that reasonable men would be bound to reach the same conclusion on the evidence in the record as was reached by the trial court, and the decision and judgment of the court is not contrary to law; that the trial court's special finding of fact number 5 is sustained by substantial evidence of probative value.

And further applying the test "that a decision of the court is contrary to law" as applied to cases other than those which had their origin in an administrative agency and were appealed to this court to appellant's contention that the decision of the court is contrary to law, our Supreme Court has said, in the case of *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669,

"It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law."

Under the law as determined by the Supreme Court and by this court we are of the opinion that the evidence is sufficient and the decision of the court is not contrary to law.

There being no error in the record the judgment is hereby affirmed.

The court decrees that the appellant shall pay the costs of this action.

Carson and Cooper, JJ., concur; Sullivan, J., concurs in result only.

NOTE.—Reported in 254 N. E. 2d 205.